STATE of Utah, Plaintiff and Respondent,

v.

Don A. ELTON, Defendant and Appellant.

No. 18151.

Supreme Court of Utah.

Sept. 10, 1982.

Kent O. Willis, Provo, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant, 19, had sexual intercourse with a 14-year-old female, not his wife, and was found guilty by a jury of violating

Utah, 545 P.2d 507 (1976).

U.C.A., 1953, 76–5–401.[1] The offense is a third-degree felony, punishable by up to five years in prison. The trial court spared defendant the prison term, conditioned on a probationary completion of a half-way house program.

Defendant urges three points on appeal to the effect that (1) the offense charged requires a specific criminal intent, (2) his mistake in appraising the girl's age constitutes a defense to the charge, and (3) failure to allow evidence as to defendant's "belief" or "mistake" as to the girl's age, together with failure to instruct thereon, was error.

Defendant concedes that Utah courts, as elsewhere, traditionally have considered and approved sanctions for offenses like that charged here, connoting a "strict liability" that is implicit in the offense itself, whether those words are included in the legislation defining the offense or not. Such offenses have been considered to be punishable without the necessity of pleading or proving specific intent. Since they are *malum prohibitum* crimes, criminal responsibility attaches whenever the prohibited act is fully accomplished.

The defendant's whole thesis is to the effect that it would be ludicrous if the legislature intended that one be guilty of a felony if the sex act occurred shortly before a girl's sixteenth birthday, but guilty only of a misdemeanor if it happened a few minutes after that magic date. Irrespective of such hypothetics, defendant contends that he should be excused from criminal liability if he "believed" or was "mistaken" as to the girl's age.

Courts generally have not gone along with any of defendant's concepts as to what the law *should* be, leaving that determination to the legislature. Courts have taken the position that a statute calling for the protection of young women below a specific age is necessary and contributive to the common welfare. In rare instances, where one may not have intended to do violence because of belief or mistake, the law wisely has provided a mitigating process. This mitigating and ameliorating process has been employed in this very case in the sentencing phase, where the trial court placed the defendant on probation rather than impose a prison term.

The defendant cites but one case supporting his contention that his own subjective belief that the girl was 16 or over, should constitute a defense to the statutory charge.[2] This case has been rejected in numerous other jurisdictions. We agree in such rejection and quote with approval language found in the following two well-reasoned opinions apropos to the questions raised here:

> The arbitrary age of consent in these cases has been established by our legislature as a matter of public policy for the obvious protection of young and immature females. We cannot properly make exceptions. Therefore, in a prosecution for alleged statutory rape a defendant's knowledge of the age of the girl involved is immaterial and his reasonable belief that she is over the age of eighteen years is no defense.[3] [Citations omitted.]

Petitioner claims that his honest belief that the prosecutrix of the statutory rape charge was over 16 years of age should constitute a defense, of constitutional dimensions, to statutory rape. The effect of *mens rea* and mistake on state criminal law has generally been left to the discretion of the states. The Supreme Court has never held that an honest mistake as to the age of the prosecutrix is a constitutional defense to statutory rape, and nothing in the Court's recent decisions clarifying the scope of procreative priva-

---

1. "A person commits unlawful sexual intercourse if that person has sexual intercourse with a person, not that person's spouse, who is under sixteen years of age."

2. *People v. Hernandez,* 61 Cal.2d 529, 39 Cal. Rptr. 361, 393 P.2d 673 (1964).

3. *State v. Fulks,* 83 S.D. 443, 436, 160 N.W.2d 418, 420 (1968).

cy suggests that a state may no longer place the risk of mistake as to the prosecutrix's age on the person engaging in sexual intercourse with a partner who may be young enough to fall within the protection of the statute. Petitioner's argument is without merit.[4] [Citations omitted.]

Affirmed.

---

**4.** *Nelson v. Moriarty,* 484 F.2d 1034, 1035 (1st     Cir.1973). See also 8 A.L.R.3d 1100.