STATE of Utah, Plaintiff and
Respondent,

v.

Don A. ELTON, Defendant
and Appellant.

No. 18151.

Supreme Court of Utah.

March 28, 1984.

Kent O. Willis, Provo, for defendant and
appellant.

David L. Wilkinson, Atty. Gen., Salt Lake
City, for plaintiff and respondent.

STEWART, Justice:

We have previously issued a *per curiam*
opinion in this case, now published at 657
P.2d 1261. That opinion concluded that
reasonable mistake of age could not be
raised as a defense in a prosecution for
unlawful sexual intercourse as defined in
U.C.A., 1953, § 76–5–401. We later with-
drew that opinion for the purpose of re-

hearing the case and addressing more fully an issue of first impression. Upon reconsideration, we vacate our previous opinion and set aside the trial court's judgment of conviction and remand.

Defendant was convicted of the crime of unlawful sexual intercourse, a third degree felony, under U.C.A., 1953, § 76–5–401, which provided:[1]

(1) A person commits unlawful sexual intercourse if that person has sexual intercourse with a person, not that person's spouse, who is under sixteen years of age.

(2) Unlawful sexual intercourse is a felony of the third degree except when at the time of intercourse the actor is no more than three years older than the victim, in which case it is a class B misdemeanor. Evidence that the actor was not more than three years older than the victim at the time of the intercourse shall be raised by the defendant.

On September 16, 1981, defendant engaged in sexual intercourse with a girl, not his wife, who was fourteen years of age. Defendant was nineteen years of age at the time and therefore more than three years older than the girl. Defendant testified that the girl told him she was eighteen years of age and that he believed her representation. The girl testified that she participated in the act voluntarily, but that she told the defendant that she was fifteen years old. Although the trial court allowed testimony showing that the defendant knew the girl's age, the trial court excluded any further testimony by the defendant concerning the reasonableness of his belief as to the girl's age and instructed the jury that mistake as to the girl's age was no defense to the charge.

On this appeal, defendant argues that the trial court erred in (1) excluding the proffered evidence substantiating the basis of the defendant's alleged belief that the girl was over the age of sixteen years and (2) rejecting the defendant's requested jury instruction that a reasonable mistake as to the girl's age constituted a defense to the crime as charged. We note that even if the requested instruction had been given and the jury had found in accordance therewith, the defendant still would have been guilty of fornication under Utah law. U.C.A., 1953, § 76–7–104.

## I.

■■■ The Utah Criminal Code follows the common law in establishing the basic proposition that a person cannot be found guilty of a criminal offense unless he harbors a requisite criminal state of mind or unless the prohibited act is based on strict liability. At the time in question, § 76–2–101 stated:

No person is guilty of an offense unless his conduct is prohibited by law and:

(1) He acts intentionally, knowingly, recklessly or with criminal negligence with respect to each element of the offense as the definition of the offense requires; or

(2) His acts constitute an offense involving strict liability.[2]

Thus, for an act to constitute a crime, the act must be prohibited and the defendant must be shown to have possessed a culpable or criminal state of mind, a *mens rea*, "with respect to each element of the offense," unless the offense involves a strict liability offense. An established first principle of the criminal law, with few exceptions, is that the doing of a wrongful act without the requisite culpable mental state does not constitute a crime. *State v. Blue*, 17 Utah 175, 181, 53 P. 978, 980 (1898). Nor does the harboring of a criminal mental state, not translated into a prohibited act, constitute a crime.

■■■ Under the Utah Criminal Code, a crime may be a strict liability crime only if the statute specifically states it to be such.[3] At the time in dispute, § 76–2–102 stated:

---

**1.** The section has since been amended. 1983 Utah Laws ch. 88, § 16.

**2.** The section has since been amended. 1983 Utah Laws ch. 90, § 1; ch. 98, § 1.

**3.** Strict criminal liability is clearly an exception

Every offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state, intent, knowledge, or recklessness shall suffice to establish criminal responsibility. *An offense shall involve strict liability only when a statute defining the offense clearly indicates a legislative purpose to impose strict liability for the conduct by use of the phrase "strict liability" or other terms of similar import.* [Emphasis added.][4]

The unlawful sexual intercourse statute, § 76-5-401, *supra,* does not clearly indicate "a legislative purpose to impose strict liability" as required by § 76-2-102 to establish a strict liability offense. It does not even impliedly indicate a legislative purpose to impose strict liability. Thus, a crime of unlawful sexual intercourse, a crime different from the crime of fornication, cannot be proved unless the state proves the requisite criminal state of mind as to each element of the offense. § 76-2-101(1).

The elements of the degree of unlawful sexual intercourse charged here are: (1) an act of sexual intercourse, (2) with a person, not the defendant's spouse, (3) who is under sixteen years of age. The punishment is enhanced if the defendant is more than three years older than the other person. § 76-5-401(2). In proving unlawful sexual intercourse, therefore, the state must prove a culpable mental state by showing that the defendant "act[ed] intentionally, knowingly, recklessly or with criminal ·negligence," § 76-2-101(1), as those terms are defined in § 76-2-103.

Clearly, the requisite culpable mental state as to the first and second elements of the offense is established by showing that defendant intentionally engaged in sexual intercourse with a female not his wife. However, since the crime of unlawful sexual intercourse is not a strict liability offense, the critical issue is what mental state must exist as to the victim's age.[5] On its face, the unlawful sexual intercourse statute does not require intent as to all elements of the crime. The *mens rea* necessary for the third element of the crime requires a consideration of the purposes of the statute. No doubt one purpose of the statute is to deter persons from engaging in intercourse with young, immature persons and to avoid the consequent risk of pregnancies because those subject to the prohibitions of the statute, both males and females, are not likely to be fully knowledgeable in any realistic way about the personal and social consequences of an out-of-wedlock pregnancy. The statute seeks to establish barriers around, and provide a measure of protection to, younger, more impressionable, and perhaps more persuadable persons in order to prevent them from engaging in sexual intercourse out of wedlock.

■ To accomplish those purposes and still remain true to long-established fundamental principles of the criminal law, which have been incorporated in the Utah Criminal Code, we hold that as to the third element of the crime, there must be proof of a culpable mental state which establishes that the defendant was at least criminally negligent as to the age of the partner. That is, the prosecution must prove that the defendant either was aware of the fact

to long-established principles of criminal liability. Under Utah law, strict liability exists only when the statute defining the offense expressly so states. Generally, strict criminal liability is employed only in certain business or economic regulations. The United States Supreme Court discussed the subject of strict liability in *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), in which a defendant's conviction was overturned because no *mens rea* was shown and the crime was not a regulatory offense.

4. This section has since been amended. 1983 Utah Laws, ch. 90, § 2.

5. We shall refer to the girl in this case as the "victim" where helpful and for ease of reference, although arguably this is a so-called "victimless" crime. Indeed, both the girl and the defendant could have been charged with violating § 76-5-401. The act prohibited is not rape but a consensual act on the part of both parties. However that may be, the policy of law is to prevent persons from engaging in intercourse outside of marriage.

that the partner was underage or that the defendant ought to have been aware of a substantial and unjustifiable risk that his partner was underage. § 76–2–103(4). The test as to the latter part of the standard is an objective, reasonable person test.

Furthermore, § 76–2–304 provides that unless otherwise provided, ignorance or mistake of fact which disproves the culpable mental state is a defense to the crime charged but does not relieve a person from being prosecuted for a lesser included offense. There is no inconsistency in requiring a *mens rea* of criminal negligence as to age and an affirmative defense of mistake of fact as to age. The *mens rea* requirement may be based on objective criteria, while the ignorance or mistake of fact defense bears upon the subjective state of mind of the defendant.[6]

## II.

We recognize that a number of courts have held that a defendant is strictly liable with respect to the age of a victim and that mistake of age is not a defense to the crime charged here. Many courts have argued that the crime is a strict liability offense because the age of the girl is not an element of the offense; therefore, no *mens rea* is required as to that. The cases are collected in Annot., *Mistake or Lack of Information as to Victim's Age As Defense to Statutory Rape*, 8 A.L.R.3d 1100 (1966); *Model Penal Code* § 213.6, Comment 2 (1980). In such jurisdictions, the state would not have to prove that a defendant had knowledge of the partner's age or was criminally negligent in failing to ascertain it, and a defendant's reasonable mistake as to the victim's age would be irrelevant.

Other jurisdictions strive to satisfy the *mens rea* requirement and still disallow the defense of mistake of age by hypothesizing the necessary *mens rea* in the intention to have intercourse with a nonspouse, without requiring any *mens rea* as to the partner's

age. That is, the defendant's intent to do one unlawful act is deemed to suffice for the commission of another, unintended act. R. Perkins, *Criminal Law* 819 (2d ed. 1969). Thus, where the law makes intercourse with any nonspouse illegal, irrespective of age (as under the Utah fornication statute, § 76–7–104), the theory is that since the defendant intended to commit *an* illegal act that constitutes fornication at least, the unlawful intention or *mens rea* necessary for that crime is transferable to the charge of unlawful sexual intercourse.

Under that theory, the prosecution is not required to prove the *mens rea* as to the element of age, and the defendant's evidence of mistake is not recognized on the ground that because the defendant had a criminal intent to commit a crime, even though the intended crime is not the one with which he is charged. That is, the act of intercourse would be criminal under the unlawful sexual intercourse statute even if the defendant acted reasonably in attempting to ascertain the age of the victim and even if the victim actively misled the defendant. Thus, the *mens rea* of a lesser crime (fornication) is held to satisfy the *mens rea* required for a more serious crime (unlawful sexual intercourse or statutory rape). Other courts impose strict liability by not requiring a *mens rea* as to the age of the victim.

However unrealistic the position may be in a particular case, the criminal law presumes that one knows the criminal law. Paradoxically, if one does know the elements of the unlawful intercourse law and takes every possible precaution to avoid violation of that law, he may still be guilty of violating that law on the doctrine of transferred intent, i.e., that the criminal intent to commit one wrong may be used to convict one of another criminal act, or on the doctrine of strict liability. That is at odds with the belief that in a free society one should be held responsible for criminal activity only if he is culpable by virtue of a

---

6. In a similar case, the California court held that a defendant is entitled to introduce evidence of mistake of age. *People v. Hernandez,* 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092 (1964).

criminal or wrongful intent to do the wrongful act.

Both theories flout the constitutional principle that one should be responsible to ascertain and understand the criminal law and should be held accountable only for those acts of criminal conduct for which he or she is mentally culpable in the criminal sense. It is not consonant with our principles of criminal liability when dealing with *malum in se* crimes to hold a person responsible for a crime he did not intend to commit and indeed may even have taken every precaution to avoid committing, even though he intended to commit a lesser crime. To hold one liable for a greater crime which he actually sought to avoid committing on the ground that he committed a lesser crime turns the doctrine of lesser included offenses on its head and raises fundamental questions which may have constitutional implications.

In addition, it is fundamentally unfair to allow the victim in such a crime—who necessarily has also violated the law—to mislead the defendant as to an element of the crime and then place the blame for the mistake on the defendant rather than the person who created the deceit and entrapped the defendant into committing a crime he or she attempted to avoid. Finally, the theory that the age of the victim is not an element of the offense is plainly wrong. Surely no one would contend that if a prosecutor failed to prove the age of the girl, a conviction for unlawful intercourse could stand.

### III.

■ The prosecution argued at trial and the trial court held that defendant's mental state with respect to the girl's age was irrelevant. That is, the trial court held that no *mens rea* was required for the third element of the crime. In denying the defendant the opportunity to present evidence as to mistake of age, the trial court stated, "I think ... just intentionally knowing that you are having intercourse with a given individual, who it turns out is within the age restrictions that would cause this matter to be a felony." Thus, the intent to engage in sexual intercourse, with knowledge that the girl was not his spouse, was held sufficient to satisfy the *mens rea* requirement for all elements. In other words, the prosecution was only required to prove the elements of the crime of fornication, *see* § 76-7-104, of the more serious crime of unlawful sexual intercourse, a third degree felony. Thus, although the prosecution presented evidence that the defendant knew the girl was under sixteen, the defendant was not allowed to rebut that evidence.

Because defendant's mental state with respect to the age of the girl was considered irrelevant, his proffered defense based on a reasonable mistake as to her age was disallowed. The exclusion of the defendant's evidence does not comport with the provisions of the Utah Criminal Code.

The defense of mistake of fact is established by § 76-2-304:

(1) Unless otherwise provided, ignorance or mistake of fact which disproves the culpable mental state is a defense to any prosecution for that crime.

. . . .

(3) Although an actor's ignorance or mistake of fact or law may constitute a defense to the offense charged, he may nevertheless be convicted of a lesser included offense of which he would be guilty if the fact or law were as he believed.[7]

Under subsection (1), if a defendant acts under a reasonable mistake of fact as to the victim's age, that mistake is a defense to the crime of unlawful sexual intercourse. Under subsection (3) such a defendant is still guilty of a lesser included offense of fornication. In other words, a defendant may rebut the prosecution's evidence that the defendant had knowledge or should have had knowledge of the victim's age by proving that he or she was misled by the partner's affirmatively misrepresenting his or her age. Of course, a mis-

---

**7.** This section has since been amended. *See* note 8, *infra.*

representation is not an absolute defense. If the trier of fact were to conclude that the defendant had not relied on the misrepresentation, the defendant could still be convicted of the crime charged. Clearly the physical appearance of the victim may be persuasive against a defendant. The physical appearance of a very young girl would, at least in some cases, negate any affirmative misrepresentation she might make. But a defendant's showing that he acted reasonably under all the circumstances to avoid transgressing the statute in question may rebut the prosecution's charge that defendant acted with criminal negligence.

## IV.

This construction of the statutes does not subvert the objectives of the law.[8] We certainly do not question the proposition that young people should be protected from sexual exploitation by older, more experienced persons until they reach the legal age of consent and can more maturely comprehend and appreciate the consequences of their sexual acts. However, where a younger participant intentionally misrepresents his or her age, so that the older participant reasonably relies on the misrepresentations as to the partner's age, the "victim" and society's interests generally are still protected by the statute prohibiting fornication. Not to require the prosecution to prove a *mens rea* as to the element of age and to deny the defense of mistake of fact would subject an honestly misled party, whether adult or fellow teenager, to criminal liability brought about by a sophisticated youth who seeks to abuse the criminal law for his or her own sensual indulgences or for even more insidious purposes, such as blackmail or an attempt to avoid community or familial condemnation

by denying that he or she enticed another to participate in the sexual act. The unlawful sexual intercourse statute was not aimed at defendants such as these, nor should it place such weapons in the hands of those who would deny their own responsibilities. The denial of evidence of mistake of fact in such cases would subject the defendant to a liability out of proportion with his or her culpability. *See State v. Guest*, Alaska, 583 P.2d 836 (1978); *People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964); *State v. Snow*, Mo., 252 S.W. 629, 632 (1923). *See also* Plascowe, *Sex and the Law* 184–85 (1951); *Model Penal Code* § 213.6, Comment 2 (1980) (noting that at least 16 states now allow the defense by statute); Comment, *State v. Elton: The Failure to Recognize a Defense to Statutory Rape*, 1983 Utah L.Rev. 437; Myers, *Reasonable Mistake of Age: A Needed Defense to Statutory Rape*, 64 Mich.L.Rev. 105 (1965).

Reversed and remanded for proceedings consistent with this opinion.

OAKS, HOWE and DURHAM, JJ., concur.

HALL, Chief Justice (dissenting):

For the reasons stated in our earlier per curiam opinion in this case,[1] I dissent.

---

**8.** We recognize that our decision in this case may have only limited significance, as the Legislature has amended the Utah Criminal Code in 1983 to disallow mistake of fact as to age as a defense to the crime of unlawful sexual intercourse: "[I]t is not a defense to the crime of unlawful sexual intercourse, ... that the actor mistakenly believed the victim to be sixteen years of age or older at the time of the alleged

offense or was unaware of the victim's true age." U.C.A., 1953, § 76–2–304.5(2). That provision, however, is not applied retroactively to the facts of this case, because it would likely violate constitutional prohibitions against *ex post facto* laws.

**1.** Utah, 657 P.2d 1261 (1982).