**Bradley Joe SMITH, Plaintiff and Appellant,**

v.

**Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.**

No. 18423.

Supreme Court of Utah.

Oct. 9, 1984.

---

1. *Sprunt v. Denver & Rio Grande Western Railroad,* 9 Utah 2d 142, 340 P.2d 85 (1959). *See* *also Jensen v. Eakins,* Utah, 575 P.2d 179 (1978).

Joseph C. Fratto, Jr., Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendant and respondent.

## PER CURIAM:

Appellant was charged with the crime of rape, in violation of U.C.A., 1953, § 76–5–402. In the information, it was alleged that the victim was under the age of fourteen, which under the statute would make the offense punishable as a felony of the first degree. Appellant entered a plea of not guilty. He admitted having sexual intercourse with the girl, but claimed it was with her consent. He also averred that the girl had told him she was nineteen years old.

Plea bargaining was entered into. After the prosecutor eliminated the allegation that the girl was under the age of fourteen, appellant changed his plea to guilty. Under the applicable statute,[1] rape (without the age designation) is punishable as a felony of the second degree. Appellant was sentenced to serve a prison term of from one to fifteen years.

Subsequently, appellant filed a petition for writ of habeas corpus asserting that he had been denied effective assistance of counsel. The thrust of his allegation is that he had changed his plea to guilty only after counsel had erroneously advised him that mistake of fact (as to the girl's age) was not available as a defense. After a hearing, the trial court denied appellant's petition on the ground that appellant had not met his burden of proving his former counsel's advice was erroneous.

U.C.A., 1953, § 76–2–304 provides, in pertinent part, as follows:

(1) Unless otherwise provided, ignorance or mistake of fact which disproves the culpable mental state is a defense to any prosecution for that crime.

. . . .

(3) Although an actor's ignorance or mistake of fact or law may constitute a

---

**1.** Since this case was decided, U.C.A., 1953, § 76–5–402 was amended.

defense to the offense charged, he may nevertheless be convicted of a lesser included offense of which he would be guilty if the fact or law were as he believed.

In *State v. Elton*, Utah, 680 P.2d 727 (1984), we held that pursuant to the aforequoted statute, mistake of age is a defense to unlawful sexual intercourse under U.C.A., 1953, § 76-5-401. This is so since the victim's age is an element of the offense.

For the offense of rape, however, the analysis is somewhat more complicated. If the victim did not consent in fact, age is not an element of the crime, but only a factor in defining the degree of the crime. U.C.A., 1953, § 76-5-402(2). If the victim did consent in fact but the victim was under fourteen, the law treats the act as having been done without consent. U.C.A., 1953, § 76-5-406(7). Only in that circumstance is the age of the victim an element of the crime. Thus, until one knows whether the victim consented in fact, it is not possible to know whether the holding of *Elton* applies to the crime of rape.

In this case, the appellant asserts that the victim consented. Because the appellant pleaded guilty, we do not know what the evidence would have shown on the question of consent. Consequently, we cannot know whether *Elton* would have applied in this case.

Assuming the facts are such that the ruling in *Elton* would apply in this case, appellant argues that his counsel gave him "erroneous advice" that the defense of mistake as to the victim's age did not apply to his case. Yet the applicability of that defense was sufficiently unsure even as to unlawful sexual intercourse that this Court could not resolve it without publishing an opinion to the same effect as appellant's counsel's advice[2] and then reversing that holding by a divided court on rehearing. As it turned out, counsel was in error, but the error was hardly of a magnitude sufficient to demonstrate "inad-

equate assistance of counsel." *Codianna v. Morris*, Utah, 660 P.2d 1101 (1983).

In any event, the holding in *Elton* is not to be applied retroactively in a collateral attack by habeas corpus. In *State v. Norton*, Utah, 675 P.2d 577, 583 (1983), we gave an appellant the benefit of a new rule formulated after his trial and conviction, but we cautioned that the "automatic rule of retroactivity only applies by its terms to criminal cases pending on direct review when the rule is changed." In contrast, in *Andrews v. Morris*, Utah, 677 P.2d 81 (1983), we held that a new standard defining the degree of persuasion necessary to impose the death penalty would not be applied retroactively to a conviction that had become final before the new standard was adopted. Since an attempt to use habeas corpus to obtain a new hearing on the basis of a new statutory construction failed in *Andrews*, it also fails in this case.

The order denying the writ of habeas corpus is hereby affirmed.

ZIMMERMAN, J., does not participate herein.

---

2.  *See State v. Elton*, Utah, 657 P.2d 1261 (1982).