974 P.2d 302 (1999)
1999 UT App 035
STATE of Utah, in the interest of W.C.P., a person under eighteen years of age.
W.C.P., Appellant,
v.
State of Utah, Appellee.
No. 981137-CA.
Court of Appeals of Utah.
February 11, 1999.
L. Clark Donaldson, Salt Lake City, for Appellant.
*303 Jan Graham, Atty. Gen., and Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for Appellee.
Before Judges BENCH, BILLINGS, and JACKSON.
OPINION
JACKSON, Judge:
¶ 1 Defendant was convicted in juvenile court of rape of a child, in violation of Utah Code Ann. § 76-5-402.1 (Supp.1998), a first degree felony if committed by an adult. On appeal, defendant argues: (1) The State must prove his mens rea as to the victim's age; (2) the charge against him should be reduced to fornication, Utah Code Ann. § 76-7-104 (1995); and (3) the rape of a child statute is unconstitutionally vague. We affirm.

BACKGROUND
¶ 2 Defendant, a fifteen-year-old boy, had sexual intercourse with a thirteen-year-old girl (the victim) at her home. They had had sexual intercourse twice previously, and the victim testified that she consented to sex with defendant on this occasion. The victim also stated that she knew defendant would not have forced her if she had denied his request to have sexual intercourse. Further, the victim stated that she had told defendant that she was fifteen years old.
¶ 3 After the victim told her parents what had happened, defendant was charged in juvenile court with rape of a child. The parties stipulated that defendant was fifteen years old and the victim was thirteen. They further agreed that in lieu of a trial, the court would consider a videotaped interview of the victim and a transcript of that videotape. The court found defendant guilty of rape of a child, a violation of Utah Code Ann. § 76-5-402.1 (Supp.1998).

ANALYSIS

I. Mens Rea
¶ 4 Defendant first argues the State must prove a mens rea of at least recklessness regarding the victim's age. The State responds that rape of a child is a strict liability offense and thus it need not prove any mens rea.[1]
¶ 5 Our review of this question presents an issue of statutory interpretation, which we review for correctness, granting no deference to the trial court's ruling. See Evans v. State, 963 P.2d 177, 179 (Utah 1998).
¶ 6 As a preliminary matter, defendant correctly notes that it is a "basic proposition that a person cannot be found guilty of a criminal offense unless he [or she] harbors a requisite criminal state of mind or unless the prohibited act is based on strict liability." State v. Elton, 680 P.2d 727, 728 (Utah 1984). The rape of a child statute does not specify a mens rea, but rather provides only that "[a] person commits rape of a child when the person has sexual intercourse with a child who is under the age of 14." Utah Code Ann. § 76-5-402.1 (Supp.1998). Because the State must prove a mens rea unless the crime is one of strict liability, defendant's argument hinges on his proposition that section 76-5-402.1 does not "evince a legislative intent for rape of a child to be a strict liability offense." We disagree.
¶ 7 A crime imposes strict liability "if the statute defining the offense clearly indicates a legislative purpose to impose criminal responsibility for commission of the conduct prohibited by the statute without requiring proof of any culpable mental state." Id. § 76-2-102 (1995). The question before us, then, is whether section 76-5-402.1 "clearly indicates a legislative purpose" to create a strict liability offense. Id.
¶ 8 It is "a fundamental rule of statutory interpretation ... that a statute `be looked at in its entirety and in accordance with the purpose which was sought to be accomplished.'" *304 State v. Scieszka, 897 P.2d 1224, 1227 (Utah Ct.App.1995) (quoting Salt Lake City v. Salt Lake County, 568 P.2d 738, 741 (Utah 1977)). In discerning the purpose of section 76-5-402.1, we are guided by the "relationship [of section 76-5-402.1] to other sections of the criminal code." Id.
¶ 9 Viewing the criminal code as a whole, it is clear that a child under the age of fourteen cannot consent to sexual intercourse. This policy is stated succinctly in section 76-5-406, which provides that "[a]n act of ... rape of a child ... is without consent of the victim [when] the victim is younger than 14 years of age." Utah Code Ann. § 76-5-406, (9) (Supp.1998); accord State v. Villarreal, 889 P.2d 419, 422 (Utah 1995) (stating that "[b]ecause [the victim] was thirteen, she was too young to legally consent to sexual relations"); Smith v. Morris, 690 P.2d 560, 562 (Utah 1984) (noting "[i]f the victim did consent in fact but the victim was under fourteen, the law treats the act as having been done without consent"); State v. Gibson, 908 P.2d 352, 355 n. 2 (Utah Ct.App.1995) ("Children under fourteen are granted absolute protection from sexual exploitation. Sexual contact with children under fourteen is a crime of strict liability, meaning that any sexual contact with children under fourteen, whether consensual or not, is a felony.").
¶ 10 Our conclusion that the criminal code's treatment of this issue evinces a clear legislative intent to impose strict liability is supported by other statutory provisions. For example, section 76-2-304.5 expressly removed mistake as to age as a defense to rape of a child. See Utah Code Ann. § 76-2-304.5 (Supp.1998). Section 77-2a-3(7) forbids the taking of a plea in abeyance for "sexual offense[s] against a victim who is under the age of 14." Id. § 77-2a-3(7). Further indication of a legislative intent to treat sexual offenses committed against children more harshly is found in sections 76-5-409 through 76-5-411, which relax the rules of evidence to facilitate admitting a child's testimony, see id. §§ 76-5-409 to -411 (1995), and section 76-1-303.5, which extends the applicable statute of limitation in a prosecution for rape of a child, see id. § 76-1-303.5 (Supp.1998).[2]
¶ 11 Accordingly, we hold that section 76-5-402.1, when considered as part of our criminal code as a whole, clearly evinces a legislative intent to impose strict liability on any person having sexual intercourse with a child under the age of fourteen.

II. Shondel Issues
¶ 12 Defendant next contends the charges against him should be reduced to fornication under State v. Shondel, 22 Utah 2d 343, 453 P.2d 146 (1969). In essence, defendant argues it would be unfair to charge him with rape of a child, a felony, when his behavior could also be described as fornication under Utah Code Ann. § 76-7-104 (1995), a class B misdemeanor. This fairness argument is intertwined with his *305 mens rea argument, as defendant goes on to argue that "[p]articularly where the trial court imposed no burden on the prosecution to establish that the defendant was aware or should have been aware that the victim was under age, it would be manifestly unjust to permit the felony conviction to stand."
¶ 13 We review the trial court's legal conclusion that the Shondel doctrine does not apply to this case "under a correction-of-error standard, according no particular deference to the trial court's ruling." State v. Vogt, 824 P.2d 455, 456 (Utah Ct.App.1991).
¶ 14 We agree with the trial court that the Shondel doctrine does not save defendant in this case. The question under Shondel is "`"whether the ... statutes at issue proscribe exactly the same conduct, i.e., do they contain the same elements?"'" State v. Fisher, 972 P.2d 90, 98, 359 Utah Adv. Rep. 12, 17 (Utah Ct.App.1998) (quoting State v. Kent, 945 P.2d 145, 147 (Utah Ct. App.1997) (quoting State v. Gomez, 722 P.2d 747, 749 (Utah 1986))). If the two statutes have the same elements, the accused must be given the benefit of the lesser charge. See id. However, if the elements of the crimes are not the same, the accused may be charged with the crime carrying the greater penalty, "even if the defendant could have been charged with the crime carrying the less severe sentence, so long as there is a rational basis for the legislative classification." Kent, 945 P.2d at 147.
¶ 15 Here, Shondel does not apply because the statutes do not overlap. Section 76-5-402.1 (rape of a child) provides that "[a] person commits rape of a child when the person has sexual intercourse with a child who is under the age of 14." Utah Code Ann. § 76-5-402.1 (Supp.1998). In contrast, section 76-7-104 (fornication) provides that "[a]ny unmarried person who shall voluntarily engage in sexual intercourse with another is guilty of fornication." Id. § 76-7-104 (1995). Thus, the two statutes do not proscribe exactly the same elements: for rape of a child, the State must prove the victim's age; for fornication, the State must prove that the participants were unmarried. Moreover, section 76-5-406(9) provides that a child under fourteen cannot consent to sexual intercourse. See id. § 76-5-406(9) (Supp. 1998). Thus, the fornication statute, which covers a situation in which an unmarried person consents to sexual intercourse, simply cannot apply to the present case. See id. § 76-7-104 (1995).

III. Vagueness
¶ 16 Finally, Defendant contends that section 76-5-402.1 is unconstitutionally vague, asserting that: (1) he "had no notice that his conduct could amount to rape of a child, when it was clearly proscribed by the fornication statute," and (2) the prosecutor should not have been able to choose whether Defendant's conduct should be prosecuted as rape of a child or as fornication.
¶ 17 Defendant's assertions present a question of law, which we review for correctness. See Board of Comm'rs of the Utah State Bar v. Petersen, 937 P.2d 1263, 1266 (Utah 1997). "A statute is presumed constitutional, and `we resolve any reasonable doubts in favor of constitutionality.'" Id. at 1267 (quoting Society of Separationists, Inc. v. Whitehead, 870 P.2d 916, 920 (Utah 1993)).
¶ 18 A law is void for vagueness if it "`either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" United States v. Lanier, 520 U.S. 259, 117 S.Ct. 1219, 1225, 137 L.Ed.2d 432 (1997) (quoting Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)); accord Zissi v. State Tax Comm'n, 842 P.2d 848, 854 (Utah 1992). "We apply this test in light of the fact that exactitude of language is seldom possible. Consequently, we will not invalidate a statute for vagueness if any sensible, practical effect can be given to the contested statutory terms." Zissi, 842 P.2d at 854.
¶ 19 Here, it is difficult to imagine any possible ambiguity in the statute: "A person commits rape of a child when the person has sexual intercourse with a child who is under the age of 14." Utah Code Ann. § 76-5-402.1 (Supp.1998). Because the statute prohibits, in no uncertain terms, sexual *306 intercourse with children under the age of fourteen, we hold that section 76-5-402.1 is not unconstitutionally vague.
¶ 20 Defendant does not explain how the words of the statute are so unclear as to cause him to be uncertain as to their meaning. Rather, defendant's vagueness argument amounts to a fairness argument: he contends he should not be convicted of a felony when the victim in this case consented to sexual intercourse, and that what happened between the two is more properly described as fornication. This argument was well put by the court in Elton when it stated that not requiring the State to prove a mens rea for the age element, and not allowing the defense of mistake of fact as to the victim's age,[3] might
subject an honestly misled party, whether adult or fellow teenager, to criminal liability brought about by a sophisticated youth who seeks to abuse the criminal law for his or her own sensual indulgences or for even more insidious purposes, such as blackmail or an attempt to avoid community or familial condemnation by denying that he or she enticed another to participate in the sexual act.
State v. Elton, 680 P.2d 727, 732 (Utah 1984). In this case, there is no suggestion that the victim did not consent  and in fact, she repeatedly asserted that she had consented and did not want charges pressed against defendant.
¶ 21 Nonetheless, we are all presumed to know the criminal law, see Elton, 680 P.2d at 730, and our legislature has indicated unequivocally that sexual intercourse with a child under the age of fourteen is prohibited, even if the perpetrator was mistaken as to the victim's age. See Utah Code Ann. §§ 76-2-304.5(1), 76-5-402.1, 76-5-406(9) (Supp.1998). As a result, although a child under the age of fourteen may in fact consent to sexual intercourse, he or she cannot legally consent to sexual intercourse.
¶ 22 As to defendant's argument that section 76-5-402.1 is unconstitutionally vague because the prosecutor was able to choose which crime with which to charge defendant, we note that a prosecutor's "decision [of] what charge to file ... generally rests entirely in his [or her] discretion." State v. Bell, 785 P.2d 390, 403 (Utah 1989) (discussing prosecutorial discretion at length). We see no reason why the prosecutor's discretion renders section 76-5-402.1 unconstitutionally vague.
¶ 23 Affirmed.
¶ 24 I Concur: RUSSELL W. BENCH, Judge.
¶ 25 I Concur in Parts II and III, and Concur in the Result in Part I: JUDITH M. BILLINGS, Judge.
NOTES
[1] At oral argument before this court, the State partially retreated from this position. Instead, the State asserted that it was now uncertain whether the rape of a child statute imposed strict liability, and that it might require proof of a mens rea of criminal negligence. For the reasons discussed in our treatment of State v. Elton, 680 P.2d 727 (Utah 1984), infra, we disagree with the State's position at oral argument.
[2] Defendant devoted substantial energy to his argument that the rationale of State v. Elton, 680 P.2d 727 (Utah 1984), applies equally to this case and mandates that the State prove a mens rea. In Elton, our supreme court held that, in a prosecution for unlawful sexual intercourse (intercourse with a person under the age of sixteen but older than fourteen), "there must be proof of a culpable mental state which establishes that the defendant was at least criminally negligent as to the age of the [victim]." Elton, 680 P.2d at 729. This holding was premised on the fact that the unlawful sexual intercourse statute, section 76-5-401, did not impose strict liability, and the supreme court did not discern a legislative intent to impose strict liability. See id. at 728-29.

However, Elton addressed an entirely different crime. Moreover, at the time the events in Elton took place, the statute defining strict liability provided that "[a]n offense shall involve strict liability only when a statute defining the offense clearly indicates a legislative purpose to impose strict liability for the conduct by use of the phrase `strict liability' or other terms of similar import." Elton, 680 P.2d at 729 (quoting Utah Code Ann. § 76-5-401) (emphasis in original & emphasis omitted). Further, mistake of fact as to the victim's age was a defense to the crime of unlawful sexual intercourse. See Elton, 680 P.2d at 731-32.
The holding in Elton was therefore premised on a substantially different criminal code, a fact recognized by the Elton court when it noted that "our decision in this case may have only limited significance" because the Legislature amended section 76-2-304 in 1983 specifically to remove mistake of fact as to age as a defense to unlawful sexual intercourse and rape of a child. Elton, 680 P.2d at 732 n. 8. Defendant's reliance on Elton is thus misplaced.
[3] This defense has since been specifically abrogated by statute. See Utah Code Ann. § 76-2-304.5(1) (Supp.1998).