2000 Utah Ct. App. 033

**STATE of Utah, Plaintiff and Appellee,**

v.

**Edward Don GREEN, Defendant and Appellant.**

**No. 990281–CA.**

Court of Appeals of Utah.

Feb. 10, 2000.

Catherine E. Lilly and Ronald S. Fujino, Salt Lake City, for Appellant.

Jan Graham and Karen Klucznik, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and ORME and WILKINS, JJ.[1]

## OPINION

WILKINS, Judge:

¶1 Defendant Edward Don Green appeals from a conviction pursuant to a conditional guilty plea for attempted theft, a third degree felony, in violation of Utah Code Ann. §§ 76–6–404 (1999), 76–6–412(1)(a)(iv) (1999), 76–4–101 (1999) and 76–4–102 (1999). We affirm.

## BACKGROUND

¶2 In October 1998, a car carrying the defendant pulled into Murray High School's front lot where defendant's friend Zarah Welch waited to lend him money. When defendant stepped out of the car, Welch told him that he must accompany her to the store to break a fifty-dollar bill before he could borrow any money. Defendant kissed Welch, then, as if to hug her, slid his hands in the side pockets of her jacket and pulled out the fifty-dollar bill. Welch told defendant to return the money and tried to grab it back but defendant pulled the bill away and jumped into his friend's car and sped off.

¶3 The State charged defendant with one count of theft from the person of another, a second degree felony, in violation of Utah Code Ann. §§ 76–6–404 and 76–6–412(1)(a)(iv) (1999). After the trial court denied defendant's motion to dismiss or reduce the theft charge to theft of an amount of property valued at less than $300 under Utah Code Ann. § 76–6–412(d), defendant entered a conditional guilty plea to one count of attempted theft from a person, a third degree felony, in violation of Utah Code Ann. §§ 76–6–404 (1999), 76–6–412(1)(a)(iv) (1999), 76–4–101 (1999) and 76–4–102 (1999). Defendant appeals.

## THE *SHONDEL* RULE

¶4 The sole issue on appeal is whether the trial court erred in denying defendant's motion to dismiss or reduce the charge of theft from a person (felony theft)[2] to theft of property of an amount less than $300 (misdemeanor theft).[3] Specifically, we consider whether the felony theft statute proscribes the same offense as the misdemeanor theft statute, requiring that defendant be charged and sentenced under the lesser crime, under *State v. Shondel,* 22 Utah 2d 343, 453 P.2d 146 (1969).

¶5 "Our review under the *Shondel* rule focuses on the trial court's legal conclusions, which we review under a correction-of-error standard, according no particular deference to the trial court's ruling." *State v. Kent,* 945 P.2d 145, 146 (Utah Ct.App.1997) (citations and internal quotations omitted).

¶6 The *Shondel* doctrine requires that when two different statutory provisions define the same offense, a defendant must be sentenced under the provision carrying the lesser penalty. *See Shondel,* 453 P.2d at 148; *see also W.C.P. v. State,* 1999 UT App 035, ¶¶ 12–15, 974 P.2d 302; *State v. Vogt,* 824 P.2d 455, 457 (Utah Ct.App.1991).

---

1. Justice Wilkins heard the arguments in this case and participated in its resolution prior to his swearing-in as a member of the Utah Supreme Court.

2. Section 76–6–404, the general theft provision, provides: "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." Utah Code Ann. § 76–6–404 (1999). Section 76–6–412(1)(a)(iv), which classifies the various forms of theft, provides: "(1) Theft of property ... [is] punishable: (a) as a felony of the second degree if the: ... (iv) property is stolen *from the person of another.*" *Id.* § 76–6–412(1)(a)(iv) (emphasis added).

3. Section 76–6–412(1)(d) provides: "(1) Theft of property ... [is] punishable: ... (d) as a class B misdemeanor if the value of the property stolen is less than $300." Utah Code Ann. § 76–6–412(1)(d) (1999).

However, if the elements of the crime are not identical and the relevant statutes require proof of some fact or element not required to establish the other, the statutes do not proscribe the same conduct and ... [a defendant] may be charged with the crime carrying the more severe sentence [without violating his due process or equal protection rights], ... so long as there is a rational basis for the legislative classification.

*Kent*, 945 P.2d at 147 (citations and internal quotations omitted).

¶ 7 The State maintains that the *Shondel* rule is inapplicable here because the substantive elements of the two crimes differ and the Legislature's distinction between these offenses is not arbitrary or irrational. Specifically, it argues that the felony theft statute requires the property to be stolen "from the person of another" whereas the misdemeanor theft statute does not. *Compare* Utah Code Ann. § 76–6–412(1)(a)(iv) (requiring property to be stolen "from the person of another") with Utah Code Ann. § 76–6–412(1)(d) (making it crime to exercise unauthorized control over the property of another with a value of less than $300 with the intent to deprive the person of the property). Relying on *State v. Bryan*, 709 P.2d 257, 263 (Utah 1985), defendant argues that the words "from a person" in the felony theft statute do not constitute a meaningful or significant distinction from the misdemeanor statute. We reject defendant's argument, and agree with the State that the statutes describe different offenses.

¶ 8 While both statutory prohibitions criminalize theft of property, the elements of these offenses significantly differ. The misdemeanor theft statute does not require that the property be stolen from the person of another, and is limited to less than $300 in value. The felony theft statute has no value limitation. More significantly, the felony theft statute involves a direct violation of a victim's personal freedom with the associated increase in the possibility of physical harm. This difference provides an adequate rational basis for a heightened penalty. As such, because significant elements of these offenses are different, and because the Legislature's distinction between the offenses is rationally based, we hold that the *Shondel* rule

does not apply here and affirm the trial court's ruling on defendant's motion to dismiss, and therefore affirm defendant's conviction.

## CONCLUSION

¶ 9 The elements of the felony theft statute, Utah Code Ann. § 76–6–412(1)(a)(iv) are distinct from those of the misdemeanor theft statute, Utah Code Ann. § 76–6–412(1)(d). Accordingly, the misdemeanor theft statute does not proscribe the same conduct as the felony statute, and defendant was properly charged with, and sentenced under, the felony theft statute. Affirmed.

¶ 10 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.

