2003 UT App 276

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ernesto HERNANDEZ, Defendant and Appellant.**

No. 20020576–CA.

Court of Appeals of Utah.

July 25, 2003.

Benjamin A. Hamilton, Salt Lake City, for Appellant.

David E. Yocom and Katherine Peters, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Ernesto Hernandez appeals his conviction of driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle, a class A misdemeanor, in violation of Utah Code Ann. § 41-6-44 (Supp.2002). We affirm.

## BACKGROUND

¶ 2 Hernandez was charged with driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle and failure to wear a safety belt. At trial, the parties stipulated to certain facts regarding Hernandez's conduct during the incident at issue. The trial court incorporated these stipulated facts into its Findings of Fact as follows:

1. On June 30, 2001[,] Ernesto A. Hernandez, defendant[,] did drive 82 miles per hour in a 60 mile per hour posted zone;

2. Defendant failed to wear his seat belt;

3. Defendant followed the vehicle in front of his at an unsafe distance;

4. Defendant was driving under the influence of alcohol with a breath alcohol content of .155[;] and

5. Defendant had his daughter in the car at the time who was under the age of sixteen years.

¶ 3 Based upon these facts, Hernandez argued that his conduct was proscribed by both the statute defining reckless driving, Utah Code Ann. § 41-6-45(1)(b) (Supp.2002),[1] and the statute defining driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle, Utah Code Ann. § 41-6-44(2)(a)(iii), (3)(a)(ii)(B) (Supp. 2002). Because section 41-6-45(1)(b) carries a lesser penalty than the part of section 41-6-44 under which Hernandez was charged,[2]

---

1. Hernandez argued that his conduct was defined by the reckless driving statute because the stipulated facts established that he "committ[ed] three or more moving traffic violations under Title 41, Chapter 6, Traffic Rules and Regulations, in a series of acts within a single continuous period of driving." Utah Code Ann. § 41-6-45(1)(b) (Supp.2002).

2. Driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle is a class A misdemeanor. See Utah Code Ann. § 41-6-44(3)(a)(ii)(B) (Supp.2002). Reck-

Hernandez argued that the *Shondel* rule was applicable and, therefore, that he was entitled to be charged and sentenced under section 41–6–45(1)(b). *See State v. Shondel,* 22 Utah 2d 343, 453 P.2d 146, 148 (1969).

¶ 4 The trial court concluded that the part of section 41–6–44 under which Hernandez was charged and section 41–6–45(1)(b) do not proscribe the same conduct, and, therefore, that the *Shondel* rule was inapplicable. Accordingly, the trial court convicted Hernandez of driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle, pursuant to section 41–6–44. *See* Utah Code Ann. § 41–6–44(2)(a)(iii), (3)(a)(ii)(B). Hernandez now appeals.

### ISSUE AND STANDARD OF REVIEW

¶ 5 The sole issue on appeal is whether the trial court erred in determining that the part of Utah Code Ann. § 41–6–44 (Supp.2002) under which Hernandez was charged and Utah Code Ann. § 41–6–45(1)(b) (Supp.2002) do not proscribe the same conduct, thereby rendering the *Shondel* rule inapplicable.[3]

¶ 6 "Because the determination of whether two statutes proscribe the same conduct is a matter of statutory construction, it is a question of law that we review for correctness." *State v. Fedorowicz,* 2002 UT 67,¶ 49, 52 P.3d 1194, *cert. denied,* 537 U.S. 1123, 123 S.Ct. 859, 154 L.Ed.2d 805 (2003). "Our review under the *Shondel* rule focuses on the trial court's legal conclusions, which we review under a correction-of-error standard, according no particular deference to the trial court's ruling." *State v. Green,* 2000 UT App 33,¶ 5, 995 P.2d 1250 (quotations and citation omitted).

### ANALYSIS

¶ 7 Hernandez argues that the part of Utah Code Ann. § 41–6–44 (Supp.2002) un-

less driving is a class B misdemeanor. *See id.* § 41–6–45(2).

3. In addition to his *Shondel* argument, Hernandez presents a statutory interpretation argument for our consideration. We do not separately address his statutory interpretation argument because our analysis under the *Shondel* rule requires us to interpret and compare the two statutes in question. *See State v. Fedorowicz,* 2002

der which he was charged and Utah Code Ann. § 41–6–45(1)(b) (Supp.2002) proscribe the same conduct. Based upon this argument, Hernandez argues that the *Shondel* rule is applicable and, therefore, that the trial court erred by not charging and sentencing him under section 41–6–45(1)(b) because it carries a lesser penalty than the part of section 41–6–44 under which he was charged.

¶ 8 "The *Shondel* doctrine requires that when two different statutory provisions define the same offense, a defendant must be sentenced under the provision carrying the lesser penalty." *State v. Green,* 2000 UT App 33,¶ 6, 995 P.2d 1250. However, "[t]he doctrine necessarily applies only when the two statutes address 'exactly the same conduct.'" *State v. Bluff,* 2002 UT 66,¶ 33, 52 P.3d 1210 (quoting *State v. Gomez,* 722 P.2d 747, 749 (Utah 1986)), *cert. denied,* 123 S.Ct. 999 (2003). "[I]f the elements of the crime[s] are not identical and the relevant statutes require proof of some fact or element not required to establish the other, the statutes do not proscribe the same conduct and ... [a defendant] may be charged with the crime carrying the more severe sentence...." *Green,* 2000 UT App 33 at ¶ 6, 995 P.2d 1250 (third and fourth alterations in original) (quotations and citations omitted).

¶ 9 "Accordingly, to determine if the trial court erred ... we must compare the plain language of [the two statutes in question] to resolve whether they prohibit the same conduct and whether the elements of each crime are wholly duplicative." *State v. Fedorowicz,* 2002 UT 67,¶ 49, 52 P.3d 1194 (quotations and citation omitted), *cert. denied,* 537 U.S. 1123, 123 S.Ct. 859, 154 L.Ed.2d 805 (2003).

UT 67,¶¶ 49–58, 52 P.3d 1194, *cert. denied,* 537 U.S. 1123, 123 S.Ct. 859, 154 L.Ed.2d 805 (2003); *State v. Bluff,* 2002 UT 66,¶¶ 33–36, 52 P.3d 1210, *cert. denied,* 537 U.S. 1172, 123 S.Ct. 999, 154 L.Ed.2d 914 (2003); *State v. Gomez,* 722 P.2d 747, 749 (Utah 1986); *State v. Green,* 2000 UT App 33,¶¶ 6–8, 995 P.2d 1250; *In re W.C.P.,* 1999 UT App 35,¶¶ 14–15, 974 P.2d 302; *State v. Giles,* 966 P.2d 872, 875–76 (Utah Ct. App.1998).

¶ 10 The part of section 41–6–44 under which Hernandez was charged provides:

> (2) (a) A person may not operate or be in actual physical control of a vehicle within this state if the person:
>
> . . . .
>
> (iii) has a blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control.
>
> . . . .
>
> (3) (a) A person convicted the first or second time of a violation of Subsection (2) is guilty of a:
>
> . . . .
>
> (ii) class A misdemeanor if the person:
>
> . . . .
>
> (B) had a passenger under 16 years of age in the vehicle at the time of the offense[.]

Utah Code Ann. § 41–6–44(2)(a)(iii), (3)(a)(ii)(B).

¶ 11 In relevant part, section 41–6–45 provides:

> (1) A person is guilty of reckless driving who operates a vehicle:
>
> . . . .
>
> (b) while committing three or more moving traffic violations under Title 41, Chapter 6, Traffic Rules and Regulations, in a series of acts within a single continuous period of driving.
>
> (2) A person who violates Subsection (1) is guilty of a class B misdemeanor.

*Id.* § 41–6–45(1)(b), (2).

■ ¶ 12 Based upon the plain language of these two statutes, we conclude that each of them requires proof of elements not required by the other. To convict a defendant of violating the part of section 41–6–44 under which Hernandez was charged, the State is required to prove that the defendant had a "blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control" of the vehicle and that the defendant "had a passenger under 16 years of age in the vehicle at the time of the offense." *Id.* § 41–6–44(2)(a)(iii), (3)(a)(ii)(B). The State is not specifically required to prove these two elements to convict

a defendant under section 41–6–45(1)(b). *See id.* § 41–6–45(1)(b).

¶ 13 Further, even if proof of these two elements could be used as part of establishing one of the "three or more moving traffic violations under Title 41, Chapter 6," *id.*, required to convict a defendant under section 41–6–45(1)(b), section 41–6–45(1)(b) requires proof of elements not required by the part of section 41–6–44 under which Hernandez was charged. To convict a defendant under section 41–6–45(1)(b), the State is required to prove that the defendant "operate[d] a vehicle . . . while committing three or more moving traffic violations under Title 41, Chapter 6, Traffic Rules and Regulations, in a series of acts within a single continuous period of driving." *Id.* To prove this, the State must prove the underlying elements of at least three "moving traffic violations under Title 41, Chapter 6." *Id.* Therefore, section 41–6–45(1)(b) will always require proof of additional elements beyond any single "moving traffic violation[ ] under Title 41, Chapter 6," *id.*, including driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle under section 41–6–44.

¶ 14 Because "the elements of the crime[s] are not identical and the relevant statutes require proof of some fact or element not required to establish the other, the statutes do not proscribe the same conduct." *State v. Green,* 2000 UT App 33,¶ 6, 995 P.2d 1250 (quotations and citations omitted). Therefore, the *Shondel* rule is inapplicable in this case.

## CONCLUSION

¶ 15 We conclude that the trial court did not err in determining that driving under the influence of alcohol with a passenger under sixteen years of age in the vehicle under Utah Code Ann. § 41–6–44 (Supp.2002) and reckless driving under Utah Code Ann. § 41–6–45(1)(b) (Supp.2002) do not proscribe the same conduct. Therefore, we conclude that the trial court did not err in determining that the *Shondel* rule was inapplicable in this case. Accordingly, we affirm Hernandez's conviction.

¶ 16 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.