2000 UT App 320

**STATE of Utah, Plaintiff and Appellee,**

v.

**Michael Trevor MARTINEZ, Defendant and Appellant.**

**No. 990568–CA.**

Court of Appeals of Utah.

Nov. 16, 2000.

---

Joan C. Watt, Lynn R. Brown, and Stephen W. Howard, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Attorney General and Joanne C. Slotnik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, BILLINGS, and DAVIS.

## OPINION

BILLINGS, Judge:

¶ 1 Michael Martinez (Defendant) appeals his conviction for unlawful sexual activity with a minor in violation of Utah Code Ann. § 76–5–401, arguing the trial court erred by ruling that unlawful sexual activity with a minor is a strict liability crime. We affirm.

## BACKGROUND

¶ 2 Nineteen-year-old Defendant had sexual intercourse with a fifteen-year-old girl. Defendant was charged with one count of rape, in violation of Utah Code Ann. § 76–5–402 (1999), and in the alternative, with one count of unlawful sexual activity with a minor, in violation of Utah Code Ann. § 76–5–401(2)(a) (1999).[1] Defendant filed a motion in limine seeking a determination that unlawful sexual activity with a minor is not a strict liability crime and requesting permission to introduce evidence that he was reasonably mistaken as to the age of the victim.

¶ 3 The trial court denied the motion, ruling unlawful sexual activity with a minor is a strict liability crime, and Defendant was not entitled to produce evidence that he mistook the victim's age. Defendant subsequently entered a conditional guilty plea to unlawful sexual activity with a minor. Defendant now appeals the trial court's ruling that unlawful sexual activity with a child is a strict liability crime.

## ISSUES AND STANDARD OF REVIEW

¶ 4 Whether unlawful sexual activity with a minor is a strict liability crime is a question of statutory interpretation which "we review for correctness and give no deference to the conclusions of the trial court." *Adkins v. Uncle Bart's, Inc.,* 2000 UT 14,- ¶ 11, 1 P.3d 528; *see also Platts v. Parents Helping Parents,* 947 P.2d 658, 661 (Utah 1997) (stating that "matters of statutory construction are questions of law that are reviewed for correctness").

¶ 5 If we conclude that unlawful sexual activity with a minor imposes strict liability, we must determine whether eliminating a culpable mental state as to the victim's age violates Defendant's federal due process rights. "A challenge to the constitutionality of a statute presents a question of law, which we review for correctness, according no deference to the trial court's ruling." *Provo*

---

1. Under the facts of the present case, unlawful sexual activity with a minor is a lesser included offense to rape, the sole distinction being whether the victim consented. *Compare* Utah Code Ann. § 76–5–402 (1999) (rape statute including lack of consent as an element) *with id.* § 76–5–401(2)(a) (unlawful sexual activity with minor statute including no such requirement).

*City v. Whatcott,* 2000 UT App 86,¶ 5, 1 P.3d 1113.

### ANALYSIS

#### Strict Liability Under Section 76–5–401

■ ¶ 6 Defendant argues the trial court erred in ruling that section 76–5–401 imposes strict liability. Defendant asserts the State must prove that he had the necessary criminal intent before it can convict him of committing a crime. Because section 76–5–401 [2] does not specify the culpable mental state required to convict a defendant of unlawful sexual activity with a minor, section 76–2–102 supplies the required mental state. Under section 76–2–102, a crime requires a mental state of at least recklessness unless this crime is one of strict liability. *See* Utah Code Ann. § 76–2–102 (1999). A crime is one of strict liability when "the statute defining the offense clearly indicates a legislative purpose to impose criminal responsibility for commission of the conduct prohibited by the statute without requiring proof of any culpable mental state." *Id.* Thus, we must determine whether Utah's criminal code clearly indicates a legislative purpose to impose strict liability for unlawful sexual activity with a minor.

■ ¶ 7 "It is 'a fundamental rule of statutory interpretation ... that a statute "be looked at in its entirety and in accordance

with the purpose which was sought to be accomplished." ' " *W.C.P. v. State,* 1999 UT App 35,¶ 8, 974 P.2d 302, *cert. denied,* 984 P.2d 1023 (Utah 1999) (citations omitted). We conclude that the legislature intended a violation of section 76–5–401 to be a strict liability crime.

¶ 8 The plain language of Utah's criminal code explicitly precludes the defense of mistake of fact regarding the victim's age in crimes involving sexual acts against children:

> It is not a defense to the crime of unlawful sexual activity with a minor, a violation of Section 76–5–401, ... that the actor mistakenly believed the victim to be 16 years of age or older at the time of the alleged offense or was unaware of the victim's true age.

Utah Code Ann. § 76–2–304.5(2) (1999). The clear language of this section supports the conclusion that the legislature intended to render a defendant's state of mind regarding the age of the victim irrelevant. Thus, the element of the victim's age under section 76–5–401 is one of strict liability.[3]

■ ¶ 9 Defendant acknowledges he may not raise mistake of age as an affirmative defense, but argues a mens rea is nonetheless an element of unlawful sexual activity with a minor that the State must prove. Defendant first argues that the burden of proof differs between a mens rea require-

---

2. Section 76–5–401 states in relevant part:
   (1) For purposes of this section "minor" is a person who is 14 years of age or older, but younger than 16 years of age, at the time the sexual activity described in this section occurred.
   (2) A person commits unlawful sexual activity with a minor if, under circumstances not amounting to rape, in violation of Section 76–5–402, object rape, in violation of Section 76–5–402.2, forcible sodomy, in violation of Section 76–5–403, or aggravated sexual assault, in violation of Section 76–5–405, the actor:
     (a) has sexual intercourse with the minor
     ...
   (3) A violation of Subsection (2) is a third degree felony unless the defendant establishes by a preponderance of the evidence the mitigating factor that the defendant is less than four years older than the minor at the time the sexual activity occurred, in which case it is a class B misdemeanor.
   Two days after Defendant committed the crime, an amendment to subsection three became effec-

tive, making a violation of section 76–5–401 a third degree felony if the actor was four or more years older than the victim at the time of the activity. Previously, section 76–5–401 was a third degree felony if the actor was three or more years older than the victim. Because this change is irrelevant to our analysis of whether section 76–5–401 imposes strict liability, we cite to the most recent version of the statute for convenience.

3. Our able colleague in dissent chooses to make a thorough and persuasive argument for why we should determine the element of the victim's age is not one of strict liability. We do not feel free to do so. It is our view that the plain statutory language in our criminal code, *see* Utah Code Ann. § 76–2–304.5(2) (1999), precedent from this court, *see W.C.P. v. State,* 1999 UT App 35,¶¶ 6–10, 974 P.2d 302, and dicta from our supreme court, *see State v. Elton,* 680 P.2d 727, 732 n. 8 (Utah 1984), mandate this result.

ment and an affirmative defense. Contrary to Defendant's assertion, "[i]t is fundamental that the State carries the burden of proving beyond a reasonable doubt each element of an offense, including the absence of an affirmative defense once the defense is put into issue." *State v. Hill,* 727 P.2d 221, 222 (Utah 1986); *see also* Utah Code Ann. §§ 76–1–501(1), 502(2)(b) (1999).

¶ 10 Applying this principle to section 76–5–401, it is clear that the burden of proving the mens rea for unlawful sexual activity with a minor is precisely the same as the burden of disproving the affirmative defense of mistake of age. That is, proof that Defendant knew or was aware of the risk that his partner was under sixteen (Defendant's proposed mens rea requirement) is no more or less than proof that Defendant did not mistakenly believe his partner was sixteen or was unaware of the risk that his partner was under sixteen. Thus, to require the State to prove a mens rea is to require the State to disprove mistake of fact, contrary to section 76–2–304.5(2).

¶ 11 Defendant further argues that mens rea differs from an affirmative defense in that the former is based on objective criteria whereas the latter is based on subjective criteria. Defendant quotes our supreme court's opinion in *State v. Elton,* 680 P.2d 727 (Utah 1984):

> There is no inconsistency in requiring a mens rea of criminal negligence as to age and an affirmative defense of mistake of fact as to age. *The mens rea requirement may be based on objective criteria, while the ignorance or mistake of fact defense*

*bears upon the subjective state of mind of the defendant.*

*Id.* at 730 (emphasis added).[4] Defendant argues that *Elton* and section 76–2–304.5 establish a sort of evidentiary rule permitting the State to present objective evidence bearing on the mens rea, such as the victim's appearance, demeanor, and statements to Defendant, but prohibiting Defendant from presenting evidence of his contemporaneous subjective opinion of the victim's age. We disagree.

¶ 12 Defendant misunderstands the *Elton* court's reference to subjective and objective criteria. That comment does not refer to the type of evidence that the parties may present, i.e., objective facts versus subjective opinions. Rather, it refers to whether the defendant's mental state is to be judged by what the defendant was actually aware of—a subjective test—or what the defendant ought to have been aware of-an objective test.[5] Because the *Elton* court held that the defendant could be convicted for criminal negligence, the mens rea could be based on objective criteria: what the defendant ought to have been aware of. *See id.* at 729–30. Neither *Elton* nor section 76–2–304.5 establishes any evidentiary rule, by implication or otherwise.[6]

¶ 13 Defendant finally argues that the Utah Supreme Court has previously held that section 76–5–401 does not impose strict liability. *See State v. Elton,* 680 P.2d 727, 729 (Utah 1984). Although the *Elton* court stated that " § 76–5–401 ... does not clearly indicate 'a legislative purpose to impose strict

---

4. The *Elton* court seemed to be struggling with a perceived inconsistency between imposing liability for criminal negligence and permitting an affirmative defense of mistake of fact. *See Elton,* 680 P.2d at 730. As we have shown, the inconsistency lies instead where the affirmative defense is prohibited but the mens rea is required.

5. Liability for criminal negligence attaches where the defendant *"ought to be aware"* of a substantial and unjustifiable risk," Utah Code Ann. § 76–2–103(4) (1999), and thus may be based on objective criteria. By contrast, liability for criminal recklessness, knowledge, and intent require actual knowledge or awareness, *see id.* §§ 76–2–103(1) to –103(3), and thus turn on the defendant's subjective mental state; *see State v.*

*Singer,* 815 P.2d 1303, 1307–09 (Utah Ct.App. 1991) (explaining difference between objective standard of criminal negligence and subjective standard of recklessness).

6. Indeed, such a rule would be anathema to our system of justice. If proof of an element of a crime is required, then the defense must be permitted to meet the State's evidence with any relevant admissible evidence. Defendant's testimony as to his subjective opinions would clearly be relevant and admissible. The only exception is where strict liability eliminates the mens rea requirement as to an element of a crime, rendering evidence bearing on Defendant's mental state irrelevant to that element.

liability,' " *id.,*[7] it recognized that its construction of section 76–5–401 "may have only limited significance, as the Legislature has amended the Utah Criminal Code in 1983 to disallow mistake of fact as to age as a defense to the crime of unlawful sexual [activity with a minor]." *Elton,* 680 P.2d at 732 n. 8. Thus, the *Elton* court construed a criminal code substantially different from that under which Defendant was convicted. *Accord W.C.P.,* 1999 UT App 35 at ¶ 10 n. 2, 974 P.2d 302.[8]

¶ 14 In concluding section 76–2–304.5(2) imposes strict liability, we note that we have previously held that nearly identical parallel language in section 76–2–304.5(1) indicates a legislative intent to impose strict liability for sexual acts against children under fourteen.[9] *See W.C.P.,* 1999 UT App 35 at ¶¶ 6–10, 974 P.2d 302. We observed that by "expressly remov[ing] mistake as to age as a defense," "the criminal code's treatment of this issue evinces a clear legislative intent to impose strict liability." *Id.* at ¶ 10. Notably, no such provision precludes a mistake of fact defense when the alleged victim is a minor of sixteen or seventeen.

¶ 15 Finally, we note that a majority of jurisdictions impose strict liability for sexual offenses against fourteen- and fifteen-year olds under statutes similar to Utah's. *See* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape,* 46 A.L.R.5th 499, 508 (1997).[10]

¶ 16 We conclude that section 76–5–401 imposes strict liability on a defendant who engages in sexual activity with a fourteen- or fifteen-year-old victim. The statutory scheme in its entirety reflects a legislative intent to protect minors from sexual exploitation by older individuals. Thus, the State need not prove that Defendant had a mens rea of at least recklessness regarding the age of the victim. Rather, the State's burden is met by proving that defendant had sex with the victim and that the victim was fourteen or fifteen years old at the time.

### Constitutionality of Section 76–5–401

¶ 17 Defendant next argues that if section 76–5–401 imposes strict liability, his constitutional due process rights have been violated by not requiring a mens rea as to the victim's age as an element of the crime. We disagree.

---

7. At the time of the *Elton* decision, Section 76–5–401 stated that "(1) [a] person commits unlawful sexual intercourse if that person has sexual intercourse with a person, not that person's spouse, who is under sixteen years of age. (2) Unlawful sexual intercourse is a felony of the third degree except when at the time of intercourse the actor is no more than three years older than the victim, in which case it is a class B misdemeanor. Evidence that the actor was not more than three years older than the victim at the time of the intercourse shall be raised by the defendant." Utah Code Ann. § 76–5–401 (1953) (amended 1998).

8. We also note that our legislature has relaxed the standard for determining whether a crime should be interpreted as one of strict liability. Previously, a crime was considered strict liability "only when a statute defining the offense clearly indicate[d] a legislative purpose to impose strict liability for the conduct *by use of the phrase 'strict liability' or other terms of similar import.*" Utah Code Ann. § 76–2–102 (1982) (emphasis added). However, this statute has since been amended, and now requires only that "the statute defining the offense clearly indicates a legislative purpose to impose criminal responsibility for commission of the conduct prohibited by the statute without requiring proof of any culpable mental state." Utah Code Ann. § 76–2–102 (1999) (amended 1983).

9. Section 76–2–304.5(1) states in relevant part that

[i]t is not a defense to the crime of child kidnaping, ... rape of a child, ... object rape of a child, ... sodomy upon a child, ... sexual abuse of a child, ... aggravated sexual abuse of a child, ... or an attempt to commit any of those offenses, that the actor mistakenly believed the victim to be 14 years of age or older at the time of the alleged offense or was unaware of the victim's true age.

Utah Code Ann. § 76–2–304.5(1) (1999).

10. Jurisdictions imposing strict liability include Alabama, Arizona, Colorado, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Louisiana, Maryland, Massachusetts, Michigan, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Dakota, Texas, Virginia, and Wisconsin. *See* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape,* 46 A.L.R.5th 499, 510–13.

¶ 18 We are persuaded by the reasoning of a decision from the United States Court of Appeals for the Tenth Circuit which held that the absence of a mens rea in a federal statutory rape statute did not render the statute unconstitutional. *See United States v. Ransom,* 942 F.2d 775, 776–77 (10th Cir. 1991).

¶ 19 In *Ransom,* the defendant was charged with having sexual intercourse with a girl under the age of twelve, in violation of 18 U.S.C. § 2241(c). *See id.* at 776. The defendant moved the trial court to allow him to raise the defense of mistake of fact regarding the victim's age. *See id.* After the court denied his motion, the defendant entered a conditional guilty plea. *See id.* He appealed both the denial of his pre-trial motion and his conviction, arguing that he was deprived of his federal due process rights because he was not allowed to assert the affirmative defense of reasonable mistake of fact regarding the victim's age. *See id.*

¶ 20 The court in *Ransom* reasoned that "[t]he Supreme Court has recognized that the legislature's authority to define an offense includes the power 'to exclude elements of knowledge and diligence from its definition.'" *Id.* (quoting *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957)). Therefore,

> [i]n order to show that the exercise of [the legislature's] power is inconsistent with due process, appellant must demonstrate that the practice adopted by the legislature "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." That is not the case here. The history of the offense of statutory rape indicates that from ancient times the law has afforded special protection to those deemed too

young to understand the consequences of their actions.

*Ransom,* 942 F.2d at 777 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)).

¶ 21 Defendant concedes that states have historically imposed strict criminal liability for sexual activity with children, but takes issue with the age at which our legislature has drawn the line for imposing strict liability. Defendant insists there is a fundamental distinction between children thirteen years old and children fourteen years old for constitutional purposes. Although imposition of strict liability may at some point run afoul of the Constitution, we cannot say, as Defendant argues, that Utah's statutory scheme for protecting minors from sexual encounters lacks any acceptable rationale for imposing strict liability.

¶ 22 Utah's criminal laws protecting minors from sexual encounters divides minors into three age groups and afford greater protection for progressively younger minors in three ways. First, the class of persons subject to felony prosecution expands as the age of the minor decreases.[11] Second, sexual activity with the youngest group is penalized most severely.[12] Third, mistake as to the age of the minor is a defense if the minor is sixteen or seventeen, but not if the minor is under sixteen. *See* Utah Code Ann. § 76–2–304.5(1), (2) (1999).

¶ 23 This statutory scheme reflects our legislature's careful consideration of the level of protection required for minors of different ages. We simply cannot say that our legislature's determination to preclude the mistake of age defense for sexual activity with a minor fourteen or fifteen is so arbitrary as to run afoul of the Constitution. Like the statute at issue in *Ransom,* section 76–5–401 offends no deeply-rooted and fundamental

---

11. Consensual sexual activity with a minor sixteen or seventeen years old is a felony only if the older participant is at least ten years older than the minor. *See* Utah Code Ann. § 76–5–401.2 (1999). Consensual sexual activity with a minor fourteen or fifteen years old becomes a felony if the older participant is only four years older than the minor. *See id.* § 76–5–401. Felony liability for sexual activity with a child under fourteen does not depend on the age of the older participant. *See id.* § 76–5–402.1.

12. Sexual activity with a minor under fourteen is a first degree felony. *See* Utah Code Ann. § 76–5–402.1 (1999). Sexual activity with an older minor is a third degree felony or misdemeanor, depending on the age difference of the participants. *See id.* §§ 76–5–401(3), 76–5–401.2(3), 76–7–104.

tradition of due process. Children have historically received special protection from sexual contact with adults. *See Morissette v. United States,* 342 U.S. 246, 251 n. 8, 72 S.Ct. 240, 244, 96 L.Ed. 288 (1952) (recognizing that statutory rape has historically not required mens rea regarding element of victim's age); *see also* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape,* 46 A.L.R.5th 499 (1997) (stating that "[p]rior to 1964, it was the universally accepted rule in the United States that a defendant's mistaken belief as to the age of a victim was not a defense to a charge of statutory rape").

■ ¶ 24 To satisfy substantive due process, a statute must rationally further a legitimate governmental interest. *See Ransom,* 942 F.2d at 777. The *Ransom* court concluded:

> the statute rationally furthers a legitimate governmental interest. It protects children from sexual abuse by placing the risk of mistake as to a child's age on an older, more mature person who chooses to engage in sexual activity with one who may be young enough to fall within the statute's purview.

*Id.* at 777 (citations omitted). Our state legislature likewise has a legitimate interest in protecting the health and safety of our children. We therefore conclude that section 76–5–401 does not violate Defendant's constitutional due process rights.

## CONCLUSION

¶ 25 We conclude section 76–5–401 imposes strict liability for sexual activity with a fifteen-year old. We also conclude Defendant's federal due process rights are not violated by imposing strict liability under section 76–5–401. We therefore affirm Defendant's conviction.

¶ 26 I CONCUR: PAMELA T. GREENWOOD, Presiding Judge.

DAVIS, Judge (dissenting):

¶ 27 I dissent from the majority opinion. It is my view that Utah Code Ann. § 76–5–401 (1999) does not establish a strict liability offense; therefore, I would reverse the trial court's ruling and remand the case to allow the defendant to withdraw his conditional plea.

¶ 28 The basic principle of criminal liability in our system is expressed by the maxim, actus not facit reum nisi mens sit rea—an act does not make one guilty unless one's mind is guilty. The Supreme Court of the United States has acknowledged that legislatures may eliminate the mens rea element from certain crimes. However, the Court has made the following doctrinal observations: "[W]e must construe [a] statute in light of the background rules of the common law ... in which the requirement of some *mens rea* for a crime is firmly embedded." *Staples v. United States,* 511 U.S. 600, 605, 114 S.Ct. 1793, 1797, 128 L.Ed.2d 608 (1994). " '[T]he existence of a *mens rea* is the rule of, rather than the exception to, the principles of Anglo–American criminal jurisprudence.' " *United States v. United States Gypsum Co.,* 438 U.S. 422, 436, 98 S.Ct. 2864, 2873, 57 L.Ed.2d 854 (1978) (citation omitted).

> The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil.

*Morissette v. United States,* 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952). "There can be no doubt that this established concept has influenced our interpretation of criminal statutes.... Relying on the strength of the traditional rule, we have stated that *offenses that require no mens rea generally are disfavored....* " *Staples,* 511 U.S. at 605–06, 114 S.Ct. 1793 (emphasis added); *see also Liparota v. United States,* 471 U.S. 419, 426, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985); *cf. United States Gypsum,* 438 U.S. at 438, 98 S.Ct. 2864.

¶ 29 Courts have generally looked to the following factors to determine whether a statute should be interpreted as imposing strict liability: (1) the statute's legislative history, title, or context; (2) other statutes that may provide guidance as to whether

strict liability was intended; (3) the severity of the punishment—the greater the possible punishment, the more likely mens rea is required; (4) the seriousness of the harm to the public which may be expected to follow from the forbidden conduct; (5) the defendant's opportunity to ascertain the true facts—the harder to find out the these facts, the more likely the Legislature meant to require fault in not knowing; (6) the difficulty prosecuting officials would have in proving a mental state for this type of crime; and (7) the number of prosecutions expected—the greater the number, the more likely the legislature meant to impose strict liability. *See* 1 Wayne R. LaFave & Austin W. Scott, *Substantive Criminal Law* § 3.8 (1986); *see also Reese v. State*, 106 N.M. 498, 745 P.2d 1146, 1150–51 (1987) (Ransom, J., concurring); *State v. Stoehr*, 134 Wis.2d 66, 396 N.W.2d 177, 180 (1986); *cf. State v. Semakula*, 88 Wash.App. 719, 946 P.2d 795, 797–98 (1997).

¶ 30 The majority concludes that the crime of unlawful sexual activity with a child is a strict ·liability offense because Utah Code Ann. § 76–2–304.5 (1999) removes the affirmative defense of mistake as to age as a defense to the crime. The majority supports this conclusion by reference to this court's ruling in *W.C.P. v. State*, 1999 UT App 35, 974 P.2d 302. In light of the traditional rule that strict liability crimes are disfavored—especially when punishment is great—together with an analysis of the aforesaid factors, our statutory scheme and caselaw, I do not interpret section 76–5–401 as a strict liability offense for the following reasons.

¶ 31 Analyzing the first factor—the legislative history of the statute, its title, and its context—I do not find support for the proposition that the Legislature intended section 76–5–401 to describe a strict liability offense. The State claims that the legislative history of section 76–5–401 supports the argument that the Legislature intended a strict liability offense. However, the legislative statements

cited by the State merely shed light upon the 1998 amendments to section 76–5–401.[1] Furthermore, neither the title nor the context[2] of section 76–5–401 lends support to the proposition that unlawful sexual activity with a minor should be construed as a strict liability offense.

¶ 32 Additionally, the plain language of Utah Code Ann. § 76–2–102 (1999), the statute pertaining to strict liability, does not support the majority's view that section 76–5–401 is a strict liability offense. Specifically, section 76–2–102 states that "[a]n offense shall involve strict liability *if the statute defining the offense clearly indicates* a legislative purpose to impose criminal responsibility for commission of the conduct prohibited by the statute without requiring proof of any culpable mental state." Utah Code Ann. § 76–2–102 (1999) (emphasis added). Here, the statute defining unlawful sexual activity with a minor, section 76–5–401, does not clearly indicate a legislative purpose to impose strict liability. Although section 76–5–401 is silent concerning mens rea, "silence on this point by itself does not necessarily suggest that [the legislature] intended to dispense with a conventional mens rea element. . . . '[T]he existence of mens rea is the rule of, rather than the exception to, the principles of Anglo–American jurisprudence.' " *Staples*, 511 U.S. at 605, 114 S.Ct. 1793 (quoting *United States Gypsum*, 438 U.S. at 436, 98 S.Ct. 2864). Also, the crime of unlawful sexual activity with a minor is a class B misdemeanor, rather than a third degree felony, if "the defendant establishes by a preponderance of the evidence the mitigating factor that the defendant is less than four years older than the minor at the time the sexual activity occurred. . . ." Utah Code Ann. § 76–5–401(3) (1999). The Legislature's inclusion of a mitigating factor in the statute defining the offense indicates that the Legislature considered the culpability of the defendant a relevant factor with respect to the seriousness of the crime. Although miti-

---

1. These amendments focused on the type of prohibited sexual activity and the age difference required for a lower level of offense.

2. In fact, in looking at section 76–5–401 in the context of the chapter of the criminal code in

which the crime is defined—Chapter 5, Offenses Against the Person—it is clear that almost all of the offenses described therein require some level of criminal intent.

gating factors may or may not specifically focus on a defendant's mental state, it is apparent that under section 76–5–401, the Legislature has determined that a defendant greater than four years older than the minor is more culpable, thereby implicating that defendant's mental state. To the extent that mitigation based on affirmative evidence of age differential implicates a defendant's mental state, such a provision is inconsistent with the concept of strict liability.[3] Consequently, section 76–5–401 does not clearly indicate a legislative purpose to impose criminal responsibility without requiring proof of any culpable mental state.

¶ 33 The second factor used by courts to determine whether a statute should be interpreted as a strict liability offense—whether other statutes and case law support strict liability—also cuts against the majority's position. Specifically, I do not find our decision in *W.C.P. v. State*, 1999 UT App. 35, 974 P.2d 302, as supporting the conclusion that section 76–5–401 is a strict liability offense. It is true that *W.C.P.* relied, in part, on the same section that the majority considers dispositive.[4] However, section 76–2–304.5 was only briefly alluded to as one of several statutory provisions that persuaded this court to find that the crime of *rape of a child* was a strict liability offense. *See id.* at ¶¶ 9–10. Specifically, *W.C.P.* placed great emphasis on the fact that a child under the age of fourteen cannot, as a matter of law, consent to sexual intercourse. *See id.* at ¶ 9. *W.C.P.* also focused on several other statutes that provide added protections for children under fourteen as well as statutes that relax the rules of evidence as they pertain to child victims of sexual abuse who are under fourteen years old. *See id.* at ¶ 10. Indeed, the overall focus of *W.C.P.* supports the notion that unlawful sexual activity with a minor fourteen years of age or older is not a strict liability offense, while rape of a child under fourteen years old is a strict liability offense.

¶ 34 I do not agree with the proposition that this court should look to other sections in the criminal code to determine whether the Legislature intended a crime to be one of strict liability because the statute governing strict liability offenses in this jurisdiction explicitly states that the *statute defining the crime* must clearly indicate a legislative purpose to impose strict liability. *See* Utah Code Ann. § 76–2–304.5 (1999). However, looking at the criminal code as a whole, as this court did in *W.C.P.*, I am not persuaded that the crime of unlawful sexual activity with a minor is a strict liability offense. Here, the defendant was charged with the crime of unlawful sexual activity with a minor, which defines minor as "a person who is 14 years of age or older, but younger than 16 years of age...." Utah Code Ann. § 76–5–401(1) (1999). In contrast, the crime at issue in *W.C.P.*, rape of a child, states that "[a] person commits rape of a child when the person has sexual intercourse with a child who is *under the age of 14*." Utah Code Ann. § 76–5–402.1(1) (1999) (emphasis added). All the statutes that this court found as supportive of a clear legislative intent to impose strict liability, except the statute eliminating mistake of age as an affirmative defense, provided special protection to minors under fourteen years of age. As stated above, section 76–5–401 prohibits sexual activity with a person *fourteen years of age and older* but under sixteen years of age. Consequently, all but one of the statutes that this court relied upon in determining that the crime of rape of a child is a strict liability offense are inapplicable to the present case. In fact, because the Legislature has chosen the age of fourteen as a cutoff for several statutory protections, it is reasonable to conclude that the Legislature considers minors fourteen years or older no longer in need of the same level of protection that the State provides to children under fourteen. This conclusion is bolstered by the fact that the Legislature considers minors fourteen years of age or older to have reached a level of maturity at which they may be held criminally responsible for their conduct. *See* Utah Code Ann. § 76–2–301 (1999). Therefore,

---

3. If a crime is a strict liability offense, the defendant's age is irrelevant because the defendant's culpability is determined by the mere commission of the forbidden act.

4. Section 76–2–304.5 eliminates mistake as to the minor's age as a defense to both rape of a child and unlawful sexual activity with a minor.

unlike the crime of rape of a child, it is not clear that the Legislature intended the crime of unlawful sexual activity with a minor to be a strict liability offense.[5]

¶ 35 The third factor, the severity of the punishment, is perhaps the most compelling factor used by courts to determine whether a statute should be interpreted as a strict liability offense. Here the severity of the punishment cuts against the proposition that the Legislature intended that section 76–5–401 describe a strict liability offense because the crime of unlawful sexual activity with a minor involves harsh penalties. If the penalty for an offense is great, it is less likely that the Legislature intended to create a strict liability offense. *See People v. Casey,* 41 Cal. App.4th Supp. 1, 6–7, 49 Cal.Rptr.2d 372 (Cal.App. Dep't Super.Ct.1995) ("[I]f the penalties prescribed are felony penalties, then it is more likely that criminal intent is an essential element of the offense."); *State v. Eastman,* 81 Hawai'i 131, 913 P.2d 57, 66 (1996) (" '[A]bsolute or strict liability in the penal law is indefensible in principle if conviction results in the possibility of imprisonment and condemnation.' ") (citation omitted); *People v. Avery,* 277 Ill.App.3d 824, 214 Ill.Dec. 507, 661 N.E.2d 361, 365 (1995) (" '[W]here the punishment is great, it is less likely that the Legislature intended to create an absolute liability offense.' ") (citation omitted). *See also* 21 Am.Jur.2d *Criminal Law* § 148 (1999). In addition, the Model Penal Code, drafted by the American Law Institute, mandates that strict liability should not apply to crimes in which a prison sentence may be imposed. *See* Model Penal Code § 2.05 (1985). Specifically, the commentary to section 2.05 states:

> This section makes a frontal attack on absolute or strict liability in the penal law, whenever the offense carries the possibility of criminal conviction, for which a sentence of probation or imprisonment may be imposed.... The liabilities involved are indefensible, unless reduced to terms that insulate conviction from the type of moral

condemnation that is and ought to be implicit when a sentence of probation or imprisonment may be imposed.

*Id.* cmt. 1.

¶ 36 The severity of the punishment for violating section 76–5–401 strongly weighs against finding that it is a strict liability offense. Unless the defendant can put on evidence mitigating the level of offense, the violation of this statute is a third degree felony that carries severe direct and collateral consequences. A person who has been convicted of unlawful sexual activity with a minor may be sentenced to imprisonment for up to five years in the Utah State Prison. *See* Utah Code Ann. § 76–3–203(3) (1999). In addition to becoming a convicted felon, with attendant disenfranchisement,[6] and condemnation from family, friends, and society as a whole, a convicted defendant would also be required to register with the Department of Corrections as a sexual offender. *See* Utah Code Ann. § 77–27–21.5(8) (1999). This registration must be renewed annually for ten years and would presumably prevent the defendant from obtaining employment in a wide variety of fields, thereby limiting any rehabilitative efforts. *See id.* Due to the high level of punishment associated with the crime of unlawful sexual activity with a minor, I cannot find a clear legislative purpose to impose strict liability.

¶ 37 The fourth factor, whether unlawful sexual activity with a minor creates serious harm to the public, is contextual and does not necessarily indicate a legislative intent to impose strict liability. This is not to say that unlawful sexual activity with a minor may not be seriously harmful in certain cases. On the contrary, I consider the crime to be of such a nature that while it could be seriously harmful to a minor or the public in one case, it may be far less harmful in another case. Due to the factually intensive inquiries that need to be conducted in determining the culpability of a defendant accused of unlawful sexual activity with a minor, I do not find that the crime is one that is so absolutely

---

**5.** It appears that strict liability offenses that pass constitutional muster almost invariably involve minors of very tender years suggesting a sort of presumptive level of culpability, i.e., the younger the minor, the less likelihood of a mistake as to age.

**6.** *See* Utah Const. art. IV, § 6.

harmful that the Legislature meant to impose liability without regard to fault.

¶ 38 The fifth factor courts look at in determining whether the Legislature intended to create a strict liability offense is the defendant's opportunity to ascertain the true facts. "The harder to find out the truth, the more likely the legislature meant to require fault in not knowing; the easier to ascertain the truth, the more likely failure to know is no excuse." 1 Wayne R. LaFave & Austin W. Scott, *Substantive Criminal Law* § 3.8 (1986). This factor is particularly fact intensive and can involve, among other things, the true age of the minor, his or her appearance, level of maturity, representations made by the minor and the circumstances surrounding the relationship. These matters can be addressed without regard to a defendant's subjective belief and should be determined by a jury or court as fact finder. Thus, it is unlikely that the Legislature meant section 76–5–401 to describe a strict liability offense because there may be numerous occasions when a reasonable person would be unable to ascertain the minor's true age.

¶ 39 The sixth factor in determining whether the Legislature intended section 76–5–401 to be a strict liability offense is the difficulty the prosecution would have in proving the mental state for this type of crime. Although the Legislature, in a separate section of the criminal code, declared that the actor's mistaken belief respecting the age of the minor was not a defense to unlawful sexual activity with a minor, I do not agree with the assertion that to require the State to prove a mens rea is to allow the defendant, in rebuttal, to assert a mistake as to age as an affirmative defense.

¶ 40 "Every offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice to establish criminal responsibility." Utah Code Ann. § 76–2–102 (1999). In most cases like the present case, the Legislature's elimination of the affirmative defense of mistake as to age, *see id.* § 76–2–304.5 (1999), obviates the mental states of intentionally and

knowingly as the basis for criminal responsibility. Therefore, the State need only show that a defendant acted recklessly. A person acts recklessly or maliciously

> when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id.* § 76–2–103(3) (1999).

¶ 41 A prosecution under section 76–5–401, requiring the State to prove that the defendant was criminally reckless as to the minor's age, would not allow the defendant to rebut evidence of recklessness by establishing the defendant's subjective belief as to the minor's age. Specifically, the State could prove that the defendant acted recklessly by introducing evidence regarding the minor's appearance at the time in question, the minor's statements, the setting in which defendant met the minor, and other evidence indicating that defendant was aware of a risk that he or she was involved with a minor under sixteen years of age. Perhaps most importantly, the jury or court as fact finder would have an opportunity to observe the minor. The defendant could then rebut by showing that his disregard of the risk did not constitute a gross deviation from the standard of care that an ordinary person would exercise, without regard to his mistaken belief, but on his or her own actions and whether an *ordinary person* would have exercised a greater degree of care. Even if the State's evidence otherwise opened up the issue of defendant's subjective belief, he could rebut without any reference thereto by objective evidence relative to the minor's age. Thus, depriving the defendant of the affirmative defense of his mistaken belief as to the minor's age does not convert an offense described in section 76–5–401 to a strict liability offense.

¶ 42 The final factor that courts look at in determining whether the Legislature intended to create a strict liability offense is the number of prosecutions expected-the greater the number, the more likely the Legislature

meant to impose strict liability. Because unlawful sexual activity with a minor is a consensual act [7] that presumably occurs under less than open circumstances, it is improbable that there will be a high number of prosecutions for this crime. Therefore, it is unlikely that the Legislature intended to make section 76–5–401 a strict liability offense as a way of easing the burden created by a very high number of prosecutions.

¶ 43 The existence of mens rea is the rule rather than the exception in American criminal jurisprudence, and courts should be extremely cautious when attempting to determine a clear legislative intent to create a strict liability offense, especially where the legislature has not done so. Therefore, in light of the above analyses and because the statute defining the offense does not indicate a clear legislative purpose to impose strict liability, I do not find that the Legislature intended section 76–5–401 to be a strict liability offense. Accordingly, I would reverse the trial court's conclusion that the crime of unlawful sexual activity with a minor is a strict liability offense and I would remand defendant's case so that he could withdraw his conditional guilty plea.

---

7. If it were not consensual, the defendant would more appropriately be charged with rape under

Utah Code Ann. § 76–5–402 (1999).