2002 UT 80

**STATE of Utah, Plaintiff and Respondent,**

v.

**Michael Trevor MARTINEZ, Defendant and Petitioner.**

No. 20010023.

Supreme Court of Utah.

Aug. 9, 2002.

Joan C. Watt, Lynn R. Brown, Stephen W. Howard, Salt Lake City, for defendant.

On Certiorari to the Utah Court of Appeals

DURHAM, Chief Justice:

¶ 1 Defendant Michael Trevor Martinez was convicted of unlawful sexual activity with a minor, a third degree felony, in violation of section 76–5–401 of the Utah Code. Defendant's conviction was upheld by the Utah Court of Appeals. Defendant appeals, arguing that the court erred when it held that unlawful sexual activity with a minor is a strict liability crime and that imposition of strict liability does not violate defendant's federal due process rights. We affirm.

## BACKGROUND

¶ 2 Defendant was nineteen years old when he had sexual intercourse with a fifteen-year-old girl. Defendant was charged with unlawful sexual intercourse in violation of section 76–5–401. Before trial, defendant filed a motion in limine to determine whether he could submit evidence in support of an affirmative defense that the victim represented herself to be seventeen years old at the time of the sexual intercourse. Defendant contended that section 76–5–401 does not impose strict liability and that he should therefore be allowed to present evidence that he did not know the victim's age. Defendant also argued that if the statute does impose strict liability, it violates federal and state due process requirements.

¶ 3 The trial court denied defendant's motion, relying on section 76–2–304.5 of the Utah Code [1] which excludes the defense of mistake as to the victim's age in a prosecution for unlawful sexual intercourse. [2] In addition, the trial court determined that neither section 76–2–304.5 nor section 76–5–401 violates due process under either the State or

Mark L. Shurtleff, Att'y Gen., Joanne C. Slotnik, Asst. Att'y Gen., Salt Lake City, for plaintiff.

1. Section 76–2–304.5 reads in relevant part:

 Mistake as to a victim's age not a defense.... (2) It is not a defense to the crime of unlawful sexual activity with a minor, a violation of Section 76–5–401, sexual abuse of a minor, a violation of Section 76–5–401.1, or an attempt to commit either of these offenses, that the actor mistakenly believed the victim to be 16 years of age or older at the time of the alleged offense or was unaware of the victim's true age.

 Utah Code Ann. § 76–2–304.5 (2001).

2. The trial court observed that although defendant could testify about what the victim told him about her age, the affirmative defense of mistake would not be available and the State need not prove a knowledge element.

the federal constitution. Defendant entered a conditional guilty plea to unlawful sexual intercourse, subject to an appeal of the trial court's denial of defendant's pre-trial motion.

¶ 4 On appeal, the Utah Court of Appeals held that: (1) the legislature clearly intended a violation of section 76–5–401 to be a strict liability crime and expressly precluded the defense of mistake as to the victim's age; and (2) defendant's federal due process rights[3] have not been violated because the statutory scheme reflects careful consideration of protection for minors and rationally furthers a legitimate governmental interest. *See State v. Martinez*, 2000 UT App 320, 14 P.3d 114. This court granted certiorari.

## STANDARDS OF REVIEW

¶ 5 "When exercising our certiorari jurisdiction, we review the decision of the court of appeals and not that of the trial court." *Salt Lake City v. Roberts*, 2002 UT 30, ¶ 15, 44 P.3d 767 (quoting *Longley v. Leucadia Fin. Corp.*, 2000 UT 69, ¶ 13, 9 P.3d 762). Whether section 76–5–401 of the Utah Code imposes strict liability is a question of statutory construction, which we review for correctness, according no deference to the legal conclusions of the court of appeals. *Id.; see also Grand County v. Rogers*, 2002 UT 25, ¶ 6, 44 P.3d 734.

¶ 6 A challenge to the constitutionality of section 76–5–401 is also a question of law, which we review for correctness. *State v. Morrison*, 2001 UT 73, ¶ 5, 31 P.3d 547 (citing *State v. Lopes*, 1999 UT 24, ¶ 6, 980 P.2d 191). "When addressing such a challenge, this court presumes that the statute is valid, and we resolve any reasonable doubts in favor of constitutionality." *Id.*

## ANALYSIS

¶ 7 Section 76–5–401 of the Utah Code governs the crime of unlawful sexual activity with a minor. On appeal, defendant argues that this statute does not impose strict liability because it fails to clearly indicate a legisla-

tive purpose to do so, and that the crime of unlawful sexual intercourse with a minor requires a culpable mental state of at least recklessness. He also argues that if section 76–5–401 does impose strict liability, it violates his federal right to due process for failing to require proof of a culpable mental state. We address each of these arguments in turn.

## I. STRICT LIABILITY UNDER SECTION 76–5–401

¶ 8 "When interpreting statutes, our primary goal is to evince 'the true intent and purpose of the Legislature.'" *State ex. rel. Div. of Forestry, Fire & State Lands v. Tooele County*, 2002 UT 8, ¶ 10, 44 P.3d 680 (quoting *Jensen v. Intermountain Health Care, Inc.*, 679 P.2d 903, 906 (Utah 1984)). We discern legislative intent and purpose by first looking to the "best evidence" of its meaning, which is the plain language of the statute itself. *Id.; see also Platts v. Parents Helping Parents*, 947 P.2d 658, 662 (Utah 1997). When examining the statutory language we assume the legislature used each term advisedly and in accordance with its ordinary meaning. *Tooele County*, 44 P.3d 680, 2002 UT 8 at ¶ 10 (citing *Nelson v. Salt Lake County*, 905 P.2d 872, 875 (Utah 1995)); *see also Platts*, 947 P.2d at 662. Furthermore, we "avoid interpretations that will render portions of a statute superfluous or inoperative." *Hall v. State Dep't of Corr.*, 2001 UT 34, ¶ 15, 24 P.3d 958.

¶ 9 Section 76–5–401 states in relevant part:

(1) For purposes of this section "minor" is a person who is 14 years of age or older, but younger than 16 years of age, at the time the sexual activity described in this section occurred.

(2) A person commits unlawful sexual activity with a minor if ... the actor:

(a) has sexual intercourse with the minor ...

---

**3.** Although the record shows that the defendant argued violations of both federal and state constitutional due process before the trial court, he apparently dropped the state due process claim in his appeals before the court of appeals and this court, and has made no state constitutional arguments before us.

(3) A violation of subsection (2) is a third degree felony unless the defendant establishes by a preponderance of the evidence the mitigating factor that the defendant is less than four years older than the minor at the time the sexual activity occurred, in which case it is a class B misdemeanor.

Utah Code Ann. § 76–5–401 (2001).[4] Section 76–5–401 does not specify a culpable mental state for the crime of unlawful sexual activity with a minor. It simply says that "[a] person commits unlawful sexual activity with a minor if ... [the person] has sexual intercourse with the minor." The sole mitigating factor provided in the statute is if the defendant can show that he or she was fewer than four years older than the victim at the time of the offense. The plain language of section 76–5–401, therefore, does not require that a defendant intend to have sexual intercourse with a minor who is fourteen or fifteen years old. The commission of the sexual act itself is sufficient to violate the statute.

¶ 10 When a statute does not supply a mental state for proscribed conduct, further guidance is provided by section 76–2–102 of the Utah Code, which states:

Culpable mental state required.... An offense shall involve strict liability if the statute defining the offense clearly indicates a legislative purpose to impose criminal responsibility for commission of the conduct prohibited by the statute without requiring proof of any culpable mental state.

Utah Code Ann. § 76–2–102 (2001). We must therefore determine whether the legislature intended to impose criminal liability for unlawful sexual activity with a minor without requiring proof that the defendant intended to engage in sexual intercourse with a fourteen or fifteen-year-old. If we find that this was the legislature's specific purpose, then the crime is one of strict liability, and proof of a culpable mental state is not required.

¶ 11 The plain language of section 76–5–401 does not contain a mens rea element yet we may look to the relationship between other sections of the criminal code and the section at issue for further guidance on legislative intent. *See State v. W.C.P.*, 1999 UT App 35, ¶ 8, 974 P.2d 302 ("In discerning the purpose of [the statute], we are guided by the relationship [of the section] to other sections of the criminal code."); *see also State v. Bishop*, 753 P.2d 439, 468 (Utah 1988)("[W]hen possible, statutes must be interpreted harmoniously with other statues relevant to the subject matter."). Section 76–2–304.5, entitled "Mistake as to victim's age not a defense," explicitly prohibits a defendant from raising mistake as to the victim's age as a defense to a violation of section 76–5–401. Section 76–2–304.5 states:

It is not a defense to the crime of unlawful sexual activity with a minor, a violation of Section 76–5–401 ... that the actor mistakenly believed the victim to be 16 years of age or older at the time of the alleged offense or was unaware of the victim's true age.

Utah Code Ann. § 76–2–304.5(2)(2001). This section clearly states the legislative intent. The plain language of both section 76–2–304.5 and 76–5–401 shows that the legislature intended to impose criminal responsibility for sexual activity with a minor whether or not the defendant knew the victim's true age.[5] Allowing the defense of mistake as to the victim's age, or requiring the prosecution to prove a mens rea for a violation of section 76–5–401 would render section 76–2–304.5 inoperative.[6]

4. We cite to the most recent version of the statute for convenience, although a 1998 amendment increasing the age differential between perpetrator and victim from three years to four years under subsection (3) was enacted two days before this offense occurred. That change is not at issue this appeal.

5. As the court of appeals noted below, it previously held that parallel language in section 76–2–304.5(1) shows a clear legislative intent to impose strict liability for sexual offenses against children under fourteen. *State v. Martinez*, 2000 UT App 320, ¶ 14, 14 P.3d 114 (citing *W.C.P.*, 1999 UT App 35, ¶¶ 6–10, 974 P.2d 302, *cert. denied*, 984 P.2d 1023).

6. Defendant makes the tenuous argument that while 76–2–304.5 does prevent him from setting forth evidence that he did not know the victim's age, the State must still prove that he had the requisite criminal intent of at least recklessness.

¶ 12 Defendant's statutory analysis of the strict liability question focuses on the "clearly indicates a legislative purpose" language of section 76–2–102, to the exclusion of the rest of the sentence which reads, ". . . to impose criminal responsibility for commission of the conduct . . . without requiring proof of any culpable mental state." That is, defendant seems to assert that clear legislative purpose cannot be discerned from the language of the statute, but that some other sign of legislative purpose is needed. However, as we have previously stated, "[t]he fundamental rule of statutory construction is that statutes are generally to be construed according to their plain language." *Zoll & Branch, P.C. v. Asay*, 932 P.2d 592, 594 (Utah 1997). Section 76–5–401 makes sexual intercourse with a fourteen or fifteen-year-old a violation of the statute, irrespective of defendant's knowledge of the victim's age, and section 76–2–304.5 specifically clarifies the legislature's intent regarding knowledge or mistake. We note that Utah is not unique in this regard. The majority of states do not allow mistake of age as a defense to statutory rape, and the defendant's knowledge of the victim's age is not an essential element of the crime. Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 46 A.L.R. 5th 499, 508 (1997). "Statutory rape, then, is commonly referred to as a strict-liability crime, meaning that the mental intent of the defendant is not important. The only inquiry is whether the act was performed on a prohibited person." *Id.* at ¶ 2[a]; *see also* 6 Am.Jur.2d 63 *Proof of Facts* (2001) ("[M]ost states treat statutory rape as an exception to the general rule, in that guilt is established on proof of the prohibited act, and the defendant's reasonable belief that the female was at or over the age of consent is not a defense").

¶ 13 Defendant argues that section 76–5–401, despite its plain language, does not clearly indicate a legislative intent to impose strict liability because general common law principles require a mens rea for criminal responsibility. Defendant fails to explain, however, why the legislature's imposition of strict liability for this particular crime would not fall within one of the recognized exceptions to the general mens rea rule,[7] or to explain exactly why a plain language reading of the statute negates strict liability. Instead, defendant repeatedly asserts the conclusory argument that section 76–5–401 "does not clearly indicate that the Legislature intended that unlawful sexual intercourse with a minor should be a strict liability crime" and cites other factors and policy reasons the court should consider in discerning the legislature's true intent. The statute, however, is not ambiguous and we decline to read strict liability out of the statute. Unlawful sexual activity with a minor is a strict liability crime.

## II. CONSTITUTIONALITY OF SECTION 76–5–401

¶ 14 Defendant next argues that the imposition of strict liability for unlawful sexual activity with a minor violates his federal right to due process because the State can obtain a conviction without proof of a culpable mental state and without an acceptable rationale for dispensing with such proof. Defendant further claims that the statute does not fit within one of the narrow exceptions to a general mens rea requirement, and therefore it imposes strict liability in violation of his fundamental due process rights.

¶ 15 At the outset, we note that our review is restricted to the question of whether the legislature may constitutionally impose strict liability for the crime of unlawful sexual activity with a minor. We do not comment on the legislature's wisdom in imposing strict liability; our inquiry is whether due process

---

The court of appeals thoroughly addressed this argument in its opinion. We fully agree with that analysis and will therefore not address it further. *See Martinez,* 2000 UT App at 320, ¶¶ 11–12, 14 P.3d 114.

7. We have previously explained that "[t]he Utah Criminal Code follows the common law in establishing the basic proposition that a person cannot be found guilty of a criminal offense unless he harbors a requisite criminal state of mind or unless the prohibited act is based on strict liability." *State v. Elton,* 680 P.2d 727, 728 (Utah 1984); *see also* Utah Code Ann. § 76–2–101 (2001).

requires that defendant be allowed to defend the charge on the grounds that he reasonably believed the victim was over the age of fifteen, or conversely, whether due process requires that the State prove that defendant knew the victim's age. *Cf. State v. Owens*, 352 Md. 663, 724 A.2d 43, 48 (Md.1999)(Finding that the legislature intended strict liability for statutory rape was not a reflection on the wisdom of Maryland's policy.).

 ¶ 16 "The rights and principles protected by [the federal due process clause] include those that are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,' and 'those which are implicit in the concept of ordered liberty.'" *State v. Herrera*, 1999 UT 64, ¶ 21, 993 P.2d 854. It is true that courts have generally "adhered to the central thought that wrongdoing must be conscious to be criminal ... [and] have sought to protect those who were not blameworthy in mind." *Morissette v. United States*, 342 U.S. 246, 252, 72 S.Ct. 240, 96 L.Ed. 288 (1952). The requirement of a mens rea for criminal responsibility, however, is not an incontrovertible right. The United States Supreme Court " 'has never articulated a general constitutional doctrine of *mens rea.*' " *Owens*, 724 A.2d at 47 (quoting *Powell v. Texas*, 392 U.S. 514, 535, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968)). Legislatures are free to "declare what constitutes an offense against society and to define the elements that constitute such an offense." *United States v. Ransom*, 942 F.2d 775, 776 (10th Cir.1991). Furthermore, the legislature has the authority to "exclude elements of knowledge and diligence from its definition" when defining an offense. *Id.* In addition, the United States Supreme Court has noted several exceptions to the general common law rule of requiring criminal intent, including "sex offenses, such as rape, in which the victim's actual age was determina-tive despite defendant's reasonable belief that the girl had reached the age of consent." *Morissette*, 342 U.S. at 252 n. 8, 72 S.Ct. 240.

¶ 17 As we noted earlier, the majority of state jurisdictions do in fact impose strict liability for sexual crimes with minors, and challenges to the federal constitutionality of such laws have failed.[8] The Tenth Circuit Court of Appeals, evaluating a similar statute that did not allow the defense of reasonable mistake for sexual offenses with victims under twelve years of age, found that the statute did not "impinge on other protected constitutional rights" and that it "rationally further[ed] a legitimate governmental interest." *Ransom*, 942 F.2d at 776. The reasoning used in *Ransom* and relied upon by the court of appeals to uphold the constitutionality of section 76–5–401 is sound. *See Martinez*, 2000 UT App at 320, ¶¶ 18–20, 14 P.3d 114.

¶ 18 The distinction defendant seeks to draw, that the legislature cannot impose strict liability for sexual offenses with fourteen and fifteen-year-olds, as opposed to younger children, without violating federal due process, is simply not supported. While there may be policy arguments for drawing a distinction between children under the age of twelve or thirteen, and fourteen and fifteen-year-old minors, the Utah legislature has deemed otherwise. The interest the legislature sought to protect, sexual offenses against children, even older ones, is a legitimate governmental interest and the statutory scheme before us rationally furthers that interest.[9] As the court of appeals correctly stated, "[w]e simply cannot say that our legislature's determination to preclude the mistake of age defense for sexual activity with a minor fourteen or fifteen is so arbitrary as to run afoul of the Constitution." *Id.* at ¶ 23. Thus, section 76–5–401 does not violate federal due process.

---

8. Defendant spends a portion of his argument discussing several cases in which Alaska appellate courts refused to read strict liability into the statutory rape statute on the grounds that "a refusal to allow the mistake-of-age defense to the charge of statutory rape would be to impose criminal liability without a criminal mental element and consequently would violate Alaska's Constitution." *State v. Fremgen*, 914 P.2d 1244, 1246 (Alaska 1996); *see also State v. Guest*, 583 P.2d 836 (Alaska 1978). Defendant, however, has not raised a state due process claim with this court.

9. For a more thorough discussion of Utah's sexual offenses against minors statutory scheme, see. *Martinez*, 2000 UT App at 320, ¶¶ 21–22, 14 P.3d 114.

## CONCLUSION

¶ 19 Section 76–5–401 does impose strict liability for the crime of unlawful sexual activity with a minor. Consequently, the State does not need to prove that the defendant intended to have sexual intercourse with a fourteen or fifteen-year-old when he violated the statute. Furthermore, defendant's federal due process rights are not violated by imposing strict liability under 76–5–401. We thus affirm the decision of the court of appeals.

¶ 20 Associate Chief Justice DURRANT, Justice HOWE, Justice RUSSON, and Justice WILKINS concur in Chief Justice DURHAM's opinion.