## STATE v. BLAND.

No. 5903.  Decided December 2, 1937.  (73 P. [2d] 964.)

*J. R. Haas* and *Matthew Cowley*, both of Salt Lake City, for appellant.

*Joseph Chez*, Atty. Gen., and *Zelph S. Calder*, Deputy Atty. Gen., for the State.

WOLFE, Justice.

Defendant was convicted of fraudulently using a false name in an application for registration of an automobile, and appeals. Section 125, article 10, chapter 46, Laws of Utah 1935, under which the information was laid, reads as follows:

> "*Any person who fraudulently uses a false or fictitious name in any application for the registration of a vehicle* or a certificate of title, or knowingly makes a false statement or knowingly conceals a material fact or otherwise commits a fraud in any such application, is guilty of a felony."

The italicized portion is the part pertinent to this case. Defendant signed to the application the name "Bert Peterson"; also the same name to the conditional sale contract and the certificate of registration. No proof of actual fraud was charged or proved. The seller of the car was not defrauded or injured. The defendant also gave his address as 5763

South Fourth East. There was no evidence that there was not such an address, but that there was "no such name or address registered in the directories." There was no evidence that there would be a directory issued covering the persons living in the locality where such address purported to be, which it was testified would be out in the farming district southeast of Murray, Utah. This is, therefore, no proof of a false address. If the case presented competent evidence of false address, as well as a false or fictitious name, the result might be different. It might, though it is not necessary now to so hold, make out a prima facie case of "fraudulent use of a false or fictitious name."

The purpose of section 125, supra, was not only to protect sellers of cars or other persons dealing with the purchaser. It had a broader purpose. It was to permit the police or others to trace from the license plate number the true owner of a car. In order to prove a case of fraudulent use of a false name, it would not, therefore, be required to show that the signer of such name had in mind at the time he signed it a particular fraud he desired to perpetrate. If he signed the application with intent to shield himself in case he was accused of violating any traffic laws or ordinances, it would be sufficient. Nor do we think that the State would be required to wait until he used the false name to throw officers or others off the track when confronted with a violation. The intent to use it for purposes of future deception might be inferred from the circumstances. But, on the other hand, we do not think the mere use of a different name than his own makes out a prima facie case of "fraudulent use of a false name." Many persons are better known by a stage name than by a real name. To give their real name would be more likely to throw officers off guard or conceal their identity. We think the word "fraudulent" was inserted so that persons who habitually used a fixed pseudonym would not be held guilty of a felony.

If in this case there had been actual proof that in addition to the false name the defendant had given a false address,

there might have been sufficient to make out a prima facie case of bad motive in signing a false name. As to that, we need not decide. Believing as we do that the word "fraudulent," inserted in section 125, must have been intended to require proof that defendant gave a wrong name with a bad motive, and that the mere use of a name other than his own does not by itself make out a prima facie case of bad motive, and that there is in this case no other proof than that, we must conclude that the motion of defendant to dismiss the case and for a new trial were well taken.

The judgment is reversed, and the cause remanded to the district court for a new trial.

FOLLAND, C. J., and HANSON and LARSON, JJ., concur.

MOFFAT, Justice. I concur in the result.