2007 UT App 392

STATE of Utah, Plaintiff and Appellant,

v.

Terrill C. JOHNSON, Defendant and Appellee.

No. 20060970–CA.

Court of Appeals of Utah.

Dec. 13, 2007.

Rehearing Denied Dec. 28, 2007.

Mark L. Shurtleff, atty. gen., and J. Frederic Voros Jr., asst. atty. gen., Salt Lake City, for Appellant.

Gary W. Pendleton, St. George, for Appellee.

Before BENCH, P.J., McHUGH and THORNE, JJ.

## OPINION

McHUGH, Judge:

¶ 1 The State appeals the magistrate's dismissal of eight second degree felony counts against Defendant Terrill C. Johnson for violating Utah Code section 41–1a–1315(2). The magistrate refused to bind Johnson over for trial on the charges, which were related to falsifying Utah title and registration applications. We reverse.

## BACKGROUND

¶ 2 During an investigation of an unrelated matter conducted by the Arizona Department of Economic Security, Investigator Mark Adams discovered that Johnson had been registering vehicles in Utah under street addresses that were actually located in Arizona.

¶ 3 Adams provided the State of Utah with the information he uncovered, and Larry Ball began to investigate Johnson on behalf of the Utah Division of Motor Vehicles (Utah DMV). Ball discovered that the street addresses Johnson used on his Utah DMV registration applications[1] were located in Arizona, about two blocks south of the Utah–Arizona border, but were incorrectly noted as being located in Hildale, Utah. Johnson specifically marked Hildale, Utah, 84784, as the city, state, and ZIP code that corresponded with the "Primary Owner's Permanent Address Information," "Situs Address," "Address Information," "Owner Information," "New Owner Name and Address Information," and "Secondary Owner Address Information" fields on at least eight applications.[2]

¶ 4 As a result of Ball's investigation, Johnson was charged with eight counts of violating Utah Code section 41–1a–1315(2), False Evidences of Title and Registration, each of which is a second degree felony. *See* Utah Code Ann. § 41–1a–1315(2) (2005).[3] Following the preliminary hearing, the trial court dismissed all the charges. In its ruling from the bench, the trial court indicated that the dismissal was partially based on the State's inability to establish the statutory elements "in terms of fraud." The court also concluded that "Johnson's address is not false" because "[i]t is findable." The court's subsequent order dismissing the charges further reasoned that "correspondence mailed to the addresses provided in the registration applications would reach [Johnson] because Hildale, Utah and Colorado City, Arizona share a post office." The court's order also noted that those investigating Johnson "had no difficulty in physically locating these addresses after driving the streets of [the two cities]." Nevertheless, the order acknowledges that the information on the applications was not accurate and that "[Johnson] paid substantially less in property taxes and registration fees by registering the subject motor vehicles in the State of Utah rather than in the State of Arizona." The State now appeals the dismissal of each of the eight counts of false evidences of title and registration.

## ISSUE AND STANDARDS OF REVIEW

¶ 5 The State argues that it presented sufficient evidence to establish proba-

---

1. There were a total of eight applications discussed during Johnson's preliminary hearing, the first of which was filed with the Utah DMV in 1999 and the last in 2005. The registration for the final application expired in May of 2006.

2. The street addresses noted on Johnson's registration applications were all located in Colorado City, Arizona; however, Johnson listed Hildale, Utah, as the address on all eight of the subject applications. The parties agree that mail sent to the addresses listed would be routinely routed to Johnson through the post office shared by Colorado City, Arizona and Hildale, Utah.

3. For convenience, we cite to the current version of section 41–1a–1315(2), which was last amended in 1992. *See* Utah Code Ann. § 41–1a–1315(2) (2005); *see also* Motor Vehicle Act Recodification, ch. 1, sec. 172, § 41–1a–1315, 1992 Utah Laws 61, 117 (amending and renumbering Utah Code section 41–1–123 as section 41–1a–1315).

ble cause and thus bind Johnson over for trial. Specifically, the State contends that it introduced "believable evidence of each element of the crime" of false evidences of title and registration. Appellate courts accord limited deference to a magistrate's bind-over decision, *see State v. Virgin*, 2006 UT 29, ¶ 34, 137 P.3d 787, and we review statutory interpretations for correctness, with no deference accorded to the magistrate's interpretation, *see State v. Graham*, 2006 UT 43, ¶ 16 n. 7, 143 P.3d 268.

■ ¶ 6 To bind a defendant over for trial, the State must make a showing of probable cause at the defendant's preliminary hearing. *See State v. Clark*, 2001 UT 9, ¶ 10, 20 P.3d 300. This probable cause standard is met as long as the State "produce[s] believable evidence of all the elements of the crime charged." *Id.* ¶ 15 (internal quotation marks omitted). The evidentiary standard necessary "to support a reasonable belief that an offense has been committed and that the defendant committed it" is "relatively low." *Id.* ¶¶ 10, 16.

## ANALYSIS

### I. Interpretation of Utah Code Section 41–1a–1315(2)

¶ 7 The State charged Johnson with violating a provision of the Utah Motor Vehicle Act, Utah Code Ann. §§ 41–1a–101 to –1402 (2005 & Supp.2007). The elements of the crime with which Johnson was charged are set out in section 41–1a–1315(2): "It is a second degree felony for a person with respect to a motor vehicle ... to ... *knowingly make a false statement* or knowingly conceal a material fact in an application under this chapter...." *Id.* § 41–1a–1315(2) (2005) (emphasis added). Therefore, to bind Johnson over for trial, the State must introduce believable evidence that Johnson (1) knowingly, (2) made a false statement, (3) on a Utah DMV registration application. *See id.*

¶ 8 The State argues that the trial court erred when it dismissed all charges against Johnson, in part, because it required the

State to prove elements not contemplated by the statute. Specifically, the State contends that the court improperly based its dismissal on the ground that the State could not prove a fraudulent intent or "bad motive." We agree.

¶ 9 The plain language of Utah Code section 41–1a–1315(2) specifies that the requisite intent is "knowingly." *Id. See generally Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, ¶ 13, 993 P.2d 207 ("The plain language controls the interpretation of a statute, and only if there is ambiguity do we look beyond the plain language to legislative history or policy considerations."). There is no requirement in section 41–1a–1315(2) that the State prove Johnson acted with fraudulent intent, and we decline to write one into the statute.[4] *See State v. Wallace*, 2006 UT App 232, ¶¶ 21–22, 138 P.3d 599 (holding that the magistrate erred by requiring the state to establish an "intent to defraud" because the revised bad check statute specified "knowingly" as the requisite mental state).

■ ¶ 10 Furthermore, Johnson's reliance on *State v. Bland*, 93 Utah 384, 73 P.2d 964 (1937), is misplaced. Unlike this case, *Bland* analyzed the portion of the statute currently codified in subsection (1), which expressly requires that the defendant act "fraudulently." *See id.* at 964; *see also* Utah Code Ann. § 41–1a–1315(1) ("It is a second degree felony for a person with respect to a motor vehicle ... to: (1) *fraudulently* use a false or fictitious name in an application for registration ...." (emphasis added)). In contrast, the subsection at issue here states: "It is a second degree felony for a person with respect to a motor vehicle ... to ... (2) *knowingly* make a false statement or *knowingly* conceal a material fact in an application under this chapter...." Utah Code Ann. § 41–1a–1315(2) (emphasis added). We assume that the legislature used the different terms advisedly and we enforce them as plainly set forth in the statute. *See, e.g., In re Z.C.*, 2007 UT 54, ¶ 6, 165 P.3d 1206 ("'When examining the statutory language we assume the legislature used each term advisedly and

---

4. We likewise refuse to write into the statute a requirement that the prosecutor prove that the State of Utah has been injured or to add a

defense that the DMV could easily discover the correct information.

in accordance with its ordinary meaning.'" (quoting *State v. Martinez*, 2002 UT 80, ¶ 8, 52 P.3d 1276)); *Martinez v. Media–Paymaster Plus/Church of Jesus Christ of Latter-Day Saints*, 2007 UT 42, ¶ 46, 164 P.3d 384 (same).

¶ 11 Thus, to bind Johnson over for trial, the State is only required to produce evidence forming a reasonable belief that he knowingly made a false statement on the vehicle registration forms. Under the Utah Criminal Code, a defendant acts "knowingly" if "he is aware of the nature of his conduct." Utah Code Ann. § 76–2–103 (Supp.2007); *see also id.* § 76–1–103(1) (2003) ("The provisions of this code shall govern the construction of ... any offense defined in this code or, except where otherwise specifically provided or the context otherwise requires, any offense defined outside this code...."). The State need only show that Johnson *knowingly* made false statements on his registration applications;[5] it is not required to produce evidence that he acted with fraudulent intent or harmed the State of Utah.

## II. The State's Evidence Establishes Probable Cause

¶ 12 The State argues that Johnson knowingly made a false statement when he noted the location for his street addresses as Hildale, Utah.[6] At the preliminary hearing, the State established that these street addresses were actually located in Colorado City, Arizona. Johnson did not refute that the applications incorrectly stated the location of the street addresses. Moreover, the magistrate specifically found that the addresses noted on Johnson's applications were physically located in Arizona. The State therefore presented "believable evidence" that Johnson's registration applications contain false statements.[7] *See State v. Clark*, 2001 UT 9, ¶ 15, 20 P.3d 300.

¶ 13 To show that Johnson *knew* the statements were false, the State presented evidence from which Johnson's knowledge could be inferred. *See State v. Wallace*, 2006 UT App 232, ¶ 23, 138 P.3d 599 ("The Utah Supreme Court 'ha[s] held that intent to commit a crime may be inferred from the actions of the defendant or from surrounding circumstances.'" (alteration in original) (quoting *State v. Colwell*, 2000 UT 8, ¶ 43, 994 P.2d 177)). In particular, the State argued in its memorandum in support of bind-over that knowledge could be inferred from the fact that Johnson has a driver license from Arizona, "is or at least was recently the Mayor *Pro tem* of Colorado City[,] Arizona," and "is associated with a dairy ... physically located in the State of Arizona." Johnson did not challenge any of this evidence, and we agree with the State that it reasonably supports the inference that Johnson knew the information on his registration applica-

---

**5.** Although "false statement" under Utah Code section 41–1a–1315(2) is not specifically defined, we likewise interpret this phrase using its plain language. *See Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, ¶ 13, 993 P.2d 207 ("The plain language controls the interpretation of a statute...."). Thus, we conclude that a false statement is any incorrect or untrue statement. *See Webster's Third New International Dictionary* 819 (1986) (defining "false" as "not corresponding to truth or reality: not true").

**6.** In its brief, the State also argues that Johnson violated section 41–1a–1315(2) by concealing information on his registration applications. Because we hold that the State presented believable evidence that Johnson made false statements on his applications, we do not address whether he also concealed a material fact by not disclosing the true city, state, and ZIP code designations. *See* Utah Code Ann. § 41–1a–1315(2) (2005) ("It is a second degree felony ... to ... knowingly make a false statement *or* knowingly conceal a

material fact ...." (emphasis added)). We likewise do not address the State's claim that section 41–1a–209 requires applicants to include their "bona fide residence" on fill-in-the-blank forms that request only "address" and "owner" information, or whether the absence of a "bona fide residence" on Johnson's applications constitutes concealment of a material fact. *Compare id.* § 41–1a–209(1) (requiring that applicants use division-provided forms), *with id.* § 41–1a–209(2) (requiring that the application include the owner's "bona fide residence and mailing address").

**7.** The magistrate dismissed the State's charges against Johnson based, in part, on the fact that his mail would be routed to the correct location because one post office covers both cities and, additionally, because one can easily locate the addresses on the shared grid. The statute, however, does not provide for an exemption based on the ability to locate the address despite the false information, and we decline Johnson's suggestion that we create one.

tions was not accurate.[8] Furthermore, although the State need not prove motive, the court's finding that the registration of the vehicles in Utah resulted in lower taxes and registration fees than if they had been registered in Arizona is likewise probative of Johnson's state of mind, creating an inference of knowledge.

¶ 14 The State produced sufficiently believable circumstantial evidence that Johnson knowingly made false statements on his vehicle registration applications. *See id.* ¶¶ 27–28 (concluding that the state can use "circumstantial evidence to support a reasonable inference that [defendant] possessed the requisite mental state" and holding that the magistrate erred by not binding defendant over for trial on charges related to issuance of a bad check). Consequently, Johnson should have been bound over for trial, during which he is free to argue that the statements were not false or were not knowingly false.

## CONCLUSION

¶ 15 We conclude that Utah Code section 41–1a–1315(2) requires only that the State prove Johnson knowingly made false statements on his registration applications; the

State need not prove Johnson's fraudulent intent or "bad motive." Nor is the State required to prove that it suffered harm as a result of the false information or to disprove that the false information could be easily corrected. The State met its burden by producing sufficiently believable evidence of each of the three elements of the crime charged: (1) Johnson knowingly, (2) made a false statement, (3) on a Utah DMV application. Therefore, we reverse the magistrate's order of dismissal of the eight counts of false evidences of title and registration and remand for further proceedings consistent with this opinion.

¶ 16 Reversed and remanded.

¶ 17 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and WILLIAM A. THORNE JR., Judge.

---

8.  When reviewing a trial court's dismissal following a preliminary hearing, an appellate court "view[s] the evidence presented by the State, and all reasonable inferences therefrom, 'in a light

most favorable to the prosecution.' " *State v. Wallace*, 2006 UT App 232, ¶ 3 n. 3, 138 P.3d 599 (quoting *State v. Virgin*, 2006 UT 29, ¶ 24, 137 P.3d 787).