2009 UT App 270

**STATE of Utah, Plaintiff and Appellant,**

v.

**Kidus Chane YOHANNES, Defendant and Appellee.**

No. 20080149–CA.

Court of Appeals of Utah.

Sept. 24, 2009.

Mark L. Shurtleff and J. Frederic Voros Jr., Salt Lake City, for Appellant.

Margaret P. Lindsay and Richard P. Gale, Spanish Fork, for Appellee.

Before Judges BENCH, ORME, and DAVIS.

OPINION

DAVIS, Judge:

¶ 1 The State appeals from the district court's order quashing the bindover of Kidus Chane Yohannes on two counts of making a false statement of the information required for a criminal background check. The State contends that the district court erroneously interpreted Utah Code section 76–10–527(3), *see* Utah Code Ann. § 76–10–527(3) (2008), when it concluded that providing a false alien registration number did not violate the statute because an alien registration number is not required for a criminal background check under the plain language of the statute. We affirm.

BACKGROUND

¶ 2 Yohannes is an Ethiopian citizen living legally in the United States as a resident alien. In the fall of 2006, Yohannes purchased three AK–47 variants from a firearms dealer in Utah County (the dealer). Yohannes purchased the first firearm in early September 2006; the second and third purchases were completed on October 25 and 27, 2006. In connection with each of the three firearm purchases, the dealer asked Yohannes to complete a federal background

check form produced by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. Because the form is promulgated by a federal agency, it does not track the Utah statutory requirements for a criminal background check found in Utah Code section 76–10–526(4)(b), *see id.* § 76–10–526(4)(b).[1]

¶ 3 Yohannes completed a total of three forms—one for each firearm purchase. On all three forms, Yohannes provided correct answers to the fields requiring his name, address, date of birth, height, weight, eye color, and hair color. Yohannes also produced a valid driver license, and the driver license number is written on all three forms in the box corresponding to Question 20. Question 15 on Section A of the form asks the following question: "If you are not a citizen of the United States, what is your U.S.-issued alien number or admission number?" On the first form, completed for the September 2006 firearm purchase, Yohannes provided his correct alien registration number in the space next to Question 15. On the second and third forms, however, Yohannes provided a number other than his alien registration number for Question 15.[2] After Yohannes filled out each form, the dealer submitted the form to Utah's Bureau of Criminal Identification (BCI). BCI completed the background checks with the information provided and determined that Yohannes was, in fact, eligible to purchase the firearms.

¶ 4 Based on the incorrect number written in the space corresponding to Question 15 on the second and third forms, the State charged Yohannes with four counts [3] of mak-

ing a false statement of the information required for a criminal background check in violation of Utah Code section 76–10–527(3), *see id.* § 76–10–527(3). After a preliminary hearing, Yohannes was bound over for trial on two of those counts. Yohannes filed a motion to quash the bindover. Following a hearing, the district court granted Yohannes's motion to quash, reasoning that "the State has not made a sufficient showing for [the court] to conclude that the information, i.e., the alien number, is[ ] required for a criminal background check, as stated in [Utah Code section 76–10–527(3) ]." The State now appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 The State claims that the district court erred in its interpretation of Utah Code section 76–10–527(3). Whether a district court properly interpreted a statute is a question of law, which we review for correctness. *See State v. MacGuire,* 2004 UT 4, ¶ 8, 84 P.3d 1171.

## ANALYSIS

■ ¶ 6 Under Utah law, "[a] criminal history background check is required for the sale of a firearm by a licensed firearm dealer in the state." Utah Code Ann. § 76–10–526(3) (2008). To that end, any person who purchases a firearm must "consent in writing to a criminal background check." *Id.* § 76–10–526(4)(a). It is a third degree felony to make a false statement of the information required for the criminal background check. *See id.* § 76–10–527(3) ("A person who pur-

---

1. For example, the form includes many questions not required by Utah Code section 76–10–526(4)(b) and also omits the statutory requirement of a dealer identification number, *see* Utah Code Ann. § 76–10–526(4)(b)(i) (2008).

2. The number Yohannes provided is inconsistent with his correct alien registration number in both its format and length.

3. On October 24, 2006, Yohannes filled out a criminal background check form in connection with the second firearm purchase. Because BCI could not complete the background check that day, Yohannes had to return to the dealer the following day to finalize the purchase. When he returned on October 25 to complete the transaction, Yohannes recertified that the answers he

had provided on the form the previous day were accurate. On October 26, 2006, Yohannes returned to the dealer to make the third firearm purchase. Again, the background check could not be immediately completed, thus requiring Yohannes to return the following day, recertify his answers, and complete the purchase. The State theorized that each time Yohannes provided the false alien registration number or *recertified* that the number was correct, he violated Utah Code section 76–10–527(3), *see id.* § 76–10–527(3). Accordingly, the State charged Yohannes with four counts of violating the statute—two counts stemming from the October 25 purchase and two counts stemming from the October 27 purchase.

chases ... a firearm is guilty of a felony of the third degree who willfully and intentionally makes a false statement of the information *required* for a criminal background check in Section 76–10–526." (emphasis added)).

¶ 7 Utah Code section 76–10–526(4)(b) provides a comprehensive list of the information required for the criminal background check, *see id.* § 76–10–526(4)(b). There are a total of nine required pieces of information in the four subsections of the code: "(i) the dealer identification number; (ii) the name and address of the individual receiving the firearm; (iii) the date of birth, height, weight, eye color, and hair color of the individual receiving the firearm; and (iv) the Social Security number or any other identification number[4] of the individual receiving the firearm." *Id.*

¶ 8 In this case, the district court determined that under Utah Code section 76–10–527(3), an alien registration number is not "information required for a criminal background check in Section 76–10–526," *id.* § 76–10–527(3). We agree. As currently written, the statute prohibits individuals from providing false statements only about certain enumerated information. *See id.* § 76–10–526(4)(b). Regarding identifying documentation, the statute requires that the criminal background check form contain "the Social Security number or *any other identification number* of the individual receiving the firearm." *Id.* § 76–10–526(4)(b)(iv) (emphasis added). The form did not require the provision of a Social Security number,[5] so Yohannes produced a valid Utah driver license number, which fulfilled the "any other identification number" requirement. Under the plain language of the statute, nothing more is required.[6]

¶ 9 The State's reliance on *State v. Johnson*, 2007 UT App 392, 174 P.3d 654, *cert.*

*denied*, 187 P.3d 232 (Utah 2008), is misplaced because the facts of *Johnson* are distinguishable from the facts of this case. In *Johnson*, the defendant was charged with violating Utah Code section 41–1a–1315(2), *see* Utah Code Ann. § 41–1a–1315(2) (2005), for falsely listing Arizona addresses for vehicles he registered in Utah. *See Johnson*, 2007 UT App 392, ¶¶ 2–4, 174 P.3d 654. After a preliminary hearing, the trial court dismissed the charges, reasoning that even though the addresses were inaccurate, they were not false " 'in terms of fraud' " because they were " 'findable,' " that is, "those investigating Johnson 'had no difficulty in physically locating the[ ] addresses.' " *Id.* ¶ 4. On appeal, this court rejected the approach taken by the trial court, noting that "[t]he statute ... does not provide for an exemption based on the ability to locate the address despite the false information." *Id.* ¶ 12 n. 7. Accordingly, this court concluded that the State had provided sufficient evidence to establish that the defendant's registration applications contained false information as defined by the statute and reversed the trial court's dismissal of the charges. *See id.* ¶¶ 14–15.

¶ 10 In this case, Yohannes was charged with violations of Utah Code section 76–10–527(3), while the defendant in *Johnson* was charged under a completely different statute. Moreover, the statute at issue in *Johnson* made it a crime to "knowingly make a *false statement* or knowingly conceal a material fact in an application [for vehicle registration.]" Utah Code Ann. § 41–1a–1315(2) (emphasis added). In contrast, the statute at issue in this case is more narrow, proscribing only specific pieces of false information. *See* Utah Code Ann. § 76–10–527(3). Accordingly, we conclude that *Johnson* has little, if any, applicability under the facts of this case.

---

4. Significantly, the State put on no evidence that an "alien number or admission number" corresponds to an identification card bearing a photo or may otherwise be fairly regarded as an "identification number" as opposed to a file number or number of some other sort.

5. The form listed the Social Security number as "optional."

6. Other states have chosen to more broadly proscribe the act of providing *any* false information

on a criminal background check form. *See, e.g.*, Colo.Rev.Stat. § 24–33.5–424(10) (2008) (stating that it is unlawful to willfully make *any* false statement or to provide *any* false identification regarding any fact material to the lawfulness of a firearm purchase). The Utah Legislature, however, has chosen to proscribe only false statements made regarding certain enumerated information.

## CONCLUSION

¶ 11 We determine that as currently written, an alien registration number is not "information required for a background check" as contemplated by Utah Code section 76–10–526(4)(b). Moreover, we conclude that in providing a valid driver license number on the form, Yohannes satisfied the statute's requirement that a "Social Security number or any other identification number" be listed on the form. Accordingly, the district court did not err in quashing the bindover. Affirmed.

¶ 12 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.